Theodore Kneedler and James Matthews
v.
John P. Anderson.

*Real Property—Contract for Conveyance of—Alteration—Statute of Frauds.*

1. Changes may be made in sealed instruments after their execution by consent of the parties thereto, though made after delivery, and such consent may be proved by parol.

2. The doctrine that a contract under seal can not be changed by a parol · agreement, does not apply to an actual change in the instrument itself by the direction or consent of the parties thereto. In such case there is no parol agreement existing independent of the contract.

3. This doctrine applies where the parol agreement exists independent of the contract under seal and where such contract is left intact in form.

4. A scrivener employed to put in writing a contract for the sale of land, may make changes therein at the instance of the parties thereto; authorization in writing is not necessary.

5. A contract for the sale of land does not have to be under seal, neither does the agent's authority to make such contract, but to be valid, it must be in writing.

[Opinion filed June 27, 1892.]

Appeal from the Circuit Court of Madison County; the Hon. Alonzo S. Wilderman, Judge, presiding.

Messrs. Dale, Bradshaw & Terry, for appellants.

Messrs. W. F. L. Hadley and W. H. Krome, for appellee.

Sample, J. The appellants brought this suit to recover damages from the appellee for his failure to comply with his written contract, of date September 2, 1890, to convey a certain tract of land to them. The contract price of the land was $5,000, to be paid by the plaintiffs on or before the 2d day of September, 1894. The contract was signed by the defendant under his private seal. The uncontradicted evi-

dence is that the scrivener, Squire Nelson, who drew up the
contract at the house of the defendant, made a mistake, by
which the contract price was made to appear $6,000, instead
of $5,000, as had been agreed. This mistake was discovered
by the defendant at the time the contract was written, but not
by the plaintiffs until the next day, when one of them in-
formed the defendant of the fact, when he replied: "I
noticed the mistake at my house, but if you were willing to
have it that way, I was." Whereupon said plaintiff and de-
fendant got into the latter's buggy, drove to Squire Nelson's
office and called him out, when the defendant informed the
squire of the mistake, that the consideration expressed in the
contract should have been $5,000, instead of $6,000, and di-
rected him to correct the contract to make it conform to the
agreement in that regard. The contract was corrected by
Nelson as directed, by erasing $6,000, and inserting $5,000 as
the consideration. Thereafter and before this suit was
brought, the plaintiff tendered to the defendant the sum of
$5,000 in payment of the land, as provided in the contract,
which the defendant refused to receive, claiming that he had
sold and deeded it to another party, whereupon this suit was
brought. The purchase price per acre under the contract was
$62.50, while the proof showed that it was worth from $80
to $100 per acre, the land lying within one-half mile of the
corporate limits of the city of Collinsville. The court sus-
tained an objection to the introduction of the contract, on the
ground of the change that had been made, heretofore men-
tioned, and instructed the jury to find for the defendant. For
this alleged error this case is sought to be reversed. The con-
tention of the appellee is that the contract was under seal, and
could not be changed by subsequent parol agreement; and
second, that the contract related to the conveyance of land,
and therefore the agent could not make the change without
written authority from appellee. The appellants contend
that the change was made as directed, by the parties to the
contract, and therefore the contract as changed is valid and
binding upon the defendant. It is clear, as contended by ap-
pellee, that a contract under seal can not be changed by a parol

agreement. This doctrine, however, applies where the parol agreement exists independent of the contract under seal, and where such contract is left intact in its form. It does not relate to an actual change in the instrument itself, by the direction or consent of the parties thereto. In such case there is no parol agreement existing independent of the contract. The parol agreement is merged in the sealed instrument, just as much as the parol agreement that existed before the original instrument was written. That changes can be legally made in sealed instruments after their execution, by consent of the parties, is uniformly held in modern cases (Collins v. Collins, 51 Miss. 371; Wooley v. Trustees, 4 John. 54), although made after delivery, and the fact of such consent may be proven by parol evidence. Steak v. W. S., 9 Cranch, 28. In this respect, as to an actual change in the written instrument itself, sealed contracts are placed upon the same basis as those not under seal.

The question as to either kind of contract is, was there consent? If so, the contract as changed is valid; if not, and the change was material, it is invalid, and no recovery can be had upon it. The remaining question is, was there consent of the parties to the change made in this contract? The statement of fact would appear to answer the query. Appellee's counsel, however, makes the point that, as the contract was for the conveyance of lands, under the statute of frauds, Nelson, the scrivener, could not make the change, even by the direction of the parties, unless he was authorized so to do in writing, and hence there was no lawful consent. It will be observed that this proposition can have no relation to the fact that the contract in this case was under seal, for a contract for the sale of land does not have to be under seal; neither does the agent's authority to make such contract; but to be valid, it must be in writing; that is all the statute of frauds requires. The fundamental error of appellee's position is in assuming that Nelson was the appellee's agent to make the sale of his land. Nelson was not his agent for any such purpose, and therefore the statute of frauds can have no application. He was merely the agent of the parties to put the parol agree-

ment of sale, made by appellee himself, in suitable written form.   When the change was made by direction of appellee, and by consent of all parties, he was merely their agent for that purpose, and as such, merely the hand of the parties themselves.   The direction of another hand to do that which they could lawfully do by their own, and the doing of it by such hand, was merely the execution of their own purpose by their own act.   After such change, no part of the contract rested in parol or was not under seal.   It remained the contract entire of the appellee as effectually as if he had made the change by his own hand.   The court erred in excluding from the jury the contract for the sale of the land, and for this error the judgment is reversed and the cause remanded.

*Reversed and remanded.*