(No. 31549.— ▉▉▉▉▉)
L. D. SCHMALZER, Appellee, *vs.* ANTON JAMNIK *et al.*— (ANTON JAMNIK, Appellant.)

*Opinion filed November 27, 1950.*

BROWN, STACKLER & LEVENFELD, of Chicago, (JESSE H. BROWN, of counsel,) for appellant.

STIEFEL, GREENBERG & BURNS, of Chicago, for appellee.

Mr. JUSTICE FULTON delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Cook County, reforming a contract to purchase real estate, on the recommendations of a master in chancery, between Anton Jamnik, the defendant-appellant, and L. D. Schmalzer, plaintiff-appellee. The decree further provided that the plaintiff have a credit on the contract of purchase in the amount of $9683 and a further credit equal to the difference between certain rents collected between July 1, 1946, to and including December 1, 1949, less all disbursements.

It appears from the record that the appellant and the appellee entered into a contract whereby the appellant agreed to sell, and appellee agreed to purchase, property known as 1638-44 West Seventy-ninth Street in Chicago, for $105,000, subject to a mortgage of $38,000, taxes, special assessments, and existing leases with specified rentals for stores on the property.

The complaint charged that subsequent to the above agreement and the payment of $5,000 earnest money in

April, 1946, the Cross Town Liquor Mart, Inc., which was made a party defendant to the cause in the lower court and whose lease expired in 1946, and the appellant, entered into a new lease dated back to November 1, 1945, for an additional five years at a lower rental, when the premises were properly worth a higher rental.

The written contract between the parties, reads as follows:

"This Memorandum Witnesseth, That L. D. Schmalzer hereby agrees to purchase at the price of One Hundred Five Thousand and no/100 ($105,000.00) Dollars, the following described real estate, situated in the County of Cook and State of Illinois:

The 3 story brick building consisting of 20 apartments and 4 stores commonly known as 1638-44 West 79th Street, together with all appurtenances attached to the property including 20 electric refrigerators and 20 gas stoves and stoker.

Right to insert legal description later.

Section     Township     North, Range     East of the Third Principal Meridian,     and

Anton Jamnik

agree to sell said premises at said price, and to convey to said purchaser a good and merchantable title thereto, by stamped general Warranty Deed, with release of dower and Homestead rights, but subject to: (1) existing leases, expiring 3 stores @ $337.50 per mo., exp. 10/31/46; 1 store $115.00 per mo. 10/31/49 total rentals $15,090.00 per yr., the purchaser to be entitled to the rents from date of closing deal; (2) all taxes and assessments levied after the year 1945; not yet completed and to unpaid installments of special assessments which fall due after date of closing deal levied for improvements completed; also subject to any party wall agreements of record; to building line restrictions and building restrictions of record, and to prorate general taxes, water taxes, rents, insurance, coal, janitor salary and electric bill, also interest on 1st mortgage as of date of closing deal. Property is also subject to 1st mortgage with an unpaid balance of $38,000 payable in monthly installments which include interest at 4½%; payments amount to $325.13 per month, plus taxes."

In accord with the findings of the master, the court ordered the above contract of sale, dated April 4, 1946,

to be corrected and reformed to supply the legal description of the real estate as follows:

"Lots 3, 4, 5 and 6 in the re-subdivision of Lots 1 to 49 in Block Sixty-three (63) in Dewey and Vance Subdivision in the South one-half (½), Section Thirty (30), Township Thirty-eight (38) North, Range Fourteen (14), East of the Third Principal Meridian in Cook County, Illinois. Improved with a 3 story brick building consisting of 20 apartments and 4 stores commonly known as 1638-44 West 79th Street, together with all appurtenances attached to the property, including 20 electric refrigerators and 20 gas stoves and stoker."

The decree further ordered specific performance of the contract, except that the title should be conveyed subject to the terms and provisions of the lease between the appellant and the defendant Cross Town Liquor Mart, for a term commencing on November 1, 1946, and expiring October 31, 1951, and, because of the depreciation in value by reason of the lease, the plaintiff should have a credit on the purchase price in the amount of $9683. The court also found that a further credit should be given on the purchase price in the amount of the difference between the rent collected on the premises for the period from July 1, 1946, to December 31, 1949, less all proper disbursements made by appellant in the operation and management of the premises during such period, and all general real-estate taxes and payments of principal and interest on the mortgage paid by the appellant herein on account of the indebtedness of the first mortgage.

The appellant contends that the trial court erred in entering a decree for the specific performance of the contract because the description of the property in said contract was by street address, only, without any city or State being named and without any legal description being incorporated, and that such a defect cannot be cured by parol evidence. Further, the appellant contends that, in order to have specific performance, the appellee must allege and

prove complete performance on his part of the obligations imposed upon him by the contract, and that in this case there was no tender of the purchase price until the time of the hearing. The last contention of the appellant is that there was no evidence in the record upon which to base a finding of fraud sufficient to allow the credits given for the new lease to the defendant liquor store.

The appellee argues, on the other hand, that the contract by its very terms provided for the insertion of the legal description and the appellant cannot now take the position that the omission of a legal description rendered the contract void and that, even were such an argument proper, the defendants, by their sworn pleadings, admitted the identity of the property owned and leased by them, respectively, as being the property covered by the contract, whereby appellee was entitled to have the contract reformed to include a metes and bounds description. Appellee further contends that there was fraud on the part of the appellant herein, which excused the appellee from making tender otherwise than during the proceeding and that, irrespective of the fraud of the appellant, the appellee was not required to tender the balance of the price until the appellant furnished the appellee with proof of title as provided for in the contract of sale. He further argues that there is sufficient evidence in the cause to justify the findings of the master and the decree of court and that this court should not disturb said findings unless they are manifestly against the weight of the evidence.

In support of his first contention, appellant cites the case of *Heroux* v. *Romanowski,* 336 Ill. 297. In that case the complaint sought specific performance of a contract which stated that the seller agreed to sell and the buyer agreed to buy "the following described real estate, situated in the County of Cook and State of Illinois, to-wit: Six 3-room flats and Two 4-room flats at the Northwest corner of Belden Avenue and Lamon Avenue, commonly known

as 2302-2310 North Lamon Avenue and Lot, Section . . . ., Township . . . ., North Range . . . ., East of 3rd P.M." We there held that to entitle the plaintiff to specific performance the contract must be, in its terms, clear, certain, unambiguous and free from doubt. We said that it must definitely point out the land to be conveyed or furnish the means of identifying the land with certainty, and that in the contract in question, the descriptions of the property were so uncertain as to require parol evidence to locate them, and, as the ambiguities appeared on the face of the writing itself, the uncertainty in the description could not be cured by extrinsic evidence. We concluded that the contract was so uncertain and ambiguous that a court of equity should not decree its specific performance.

Similarly, in *Kopprasch* v. *Satter,* 331 Ill. 126, we considered a contract which provided, "Received of A. E. Kopprasch ($100) One Hundred Dollars deposit on $3500 for purchasing property at 1332 Melrose Street. Balance $3400 to be paid when papers are completed." We there held, as we did later in *Heroux* v. *Romanowski,* that the contract must be so definitely certain in all its terms that a court can require the specific thing contracted for to be done. We also stated that a contract for the sale of land must definitely point out the land to be conveyed, or furnish the means of identifying the land with certainty. We said that if the contract fails in either of these respects, a court of equity will not decree its specific performance.

The appellee argues, in contradiction of these cases, that the appellee is entitled to specific performance even though the contract did not contain a description of the property, for the reason that the contract by its terms provided for the insertion of the legal description and the appellant cannot now take the position that its omission rendered the contract void. He further states that the appellant, by his sworn pleadings, admitted the identity of the property owned and leased by the appellant and de-

fendant liquor store and that the admission covers the property set forth in the contract and in the complaint.

It would seem that the decision in this cause as to this point must depend upon two things: first, whether or not the provision in the contract for the later insertion of the legal description removes this case from the rule of the cases cited by appellant, and, secondly, whether or not the admission of the appellant in the sworn pleadings that the property contracted for was the same property set out by legal description in the complaint, entitles the appellee to specific performance of the contract.

In *Sirois* v. *Sirois*, 308 Ill. 453, the grantee's name was omitted from the deed and authority was given to insert the name before delivery. We there held that the mere fact that the name was omitted did not necessarily vitiate the deed if authority was given to insert.

In a well-reasoned opinion in the case of *Kneedler* v. *Anderson*, 43 Ill. App. 317, it was held that the doctrine that a contract under seal cannot be changed by a parol agreement, does not apply to an actual change in the instrument itself by the direction or consent of the parties thereto.

In the present case, one agreed to sell and the other agreed to purchase. Both agreed, by the terms of the document itself, to insert the proper legal description later. This actually is not a change of, or a mistake in, the contractual terms. It amounts to the supplying, by agreement, of the true description of the property when furnished. Under these circumstances, we hold that a consent was given by both parties to properly insert the legal description at a later date, which was done by the court upon the bill for specific performance.

In a similar case, *Regan* v. *Berent*, 392 Ill. 376, the defense was entered that there was no legal description of property, described in the contract as a specified address, which would enable the court to decree specific performance. The complaint in the cause charged that the appel-

lant there was the owner of the property involved, giving the proper legal description and charging that the premises were commonly known by the address used in the contract of sale. The sworn answer of the appellee, defendant there, admitted she was the owner of the property described in the complaint, but denied the contract to sell. We there said, "The complaint specifically alleges a legal description, and that the same is commonly known as number 5429 South Carpenter Street, and the defendant admits this allegation of the complaint in her answer. Here is a direct allegation of identity of legal description with a contract description, and admitted by the defendant. No higher form of proof could be adduced than to have a specific fact alleged in a complaint, and a direct admission thereof in the answer. Like descriptions of property, especially when identified in the pleadings, have been held sufficient in *Baker* v. *Puffer*, 299 Ill. 486, and *Macy* v. *Brown*, 326 Ill. 556." This quotation supports the rule regarding the reservation in the contract of the right to later include the proper legal description of the property. Under the normal, everyday business practice of buying and selling property, there will many times be occasions when legal descriptions will not be at hand at the time the contract is made. The reservation for later insertion of proper legal description would protect the sanctity of contracts and will enable the parties to properly perform their agreements. These circumstances are to be found in this cause, and the consent of the appellant here to the reservation in the contract of the right to insert the description at a later time, in effect estops the appellant from now asserting that the lack of legal description makes the contract impossible of specific performance.

The appellant next raises the point that by failing to tender the purchase price prior to the hearing, the appellee has waived his right to specific performance of the contract, citing *Miller* v. *Shea*, 300 Ill. 180, wherein we said

that a party seeking specific performance must show he has performed his part of the contract or that he was able, ready and willing to perform it and was prevented from performing it by the act of the other party. The general rule is that where the contract requires money to be paid and a deed to be delivered at a certain time, the covenants are mutual and dependent and neither party can compel the other to perform without first making tender. The case further states that we must inquire whether, if a party failed in any respect, such failure to perform was due to acts and conduct of the opposite party which amounted to a waiver.

As to these points, the master and the trial court found that there was a fraudulent conspiracy to encumber the title with a lien of the lease which excused the tender by the appellee of the purchase price prior to hearing.

The decision on this point, then, depends upon whether or not there is any evidence in the record sufficient to support the report and the decree. It is well established in our law that where the master has seen and heard the witnesses and his findings have been confirmed by the court, such findings will not be disturbed unless manifestly against the weight of the evidence. *Finley* v. *Felter,* 403 Ill. 372; *Chambers* v. *Appel,* 392 Ill. 294; *Mruk* v. *Mruk,* 379 Ill. 394.

We have examined this record carefully and find a great deal of indecision on the part of the appellant as to his desire to sell the property. We further find that he entered into the contract on the date in question and that he had had it for examination some time prior to the date which the contract bears. We further find that he entered into the lease subsequent to the date of the contract and there seems to be no question as to the back-dating of the lease to a date prior to the contract in question.

Under these facts, while we do not imply that there was any dishonest act, we can only say that there is evi-

dence in the record sufficient to support the master's finding and the decree of the court. Certainly, such finding and the decree of court cannot be said to be against the manifest weight of the evidence.

Under the facts disclosed by this record and the law pertaining thereto, the decree of the circuit court of Cook County is affirmed.

*Decree affirmed.*