36835. MURPHY *v.* MORSE *et al.*

DECIDED OCTOBER 17, 1957.

*Rex T. Reeves, Reeves, Boyd & Callaway, Thomas R. Luck, Jr.,* for plaintiff in error.

*Joseph B. McConnell, Palmer H. Ansley, Smith, Field, Doremus & Ringel,* contra.

NICHOLS, J. 1. The plaintiff, in count 3 of his petition as

finally amended, (count 2 having been stricken during the trial and count 3 added), sought to recover the "earnest money" paid by him to the realty company because the description of the property contained in the sales contract was too vague, uncertain and indefinite to describe a particular piece of property. The sales contract, which was signed by both the purchaser and the seller, did not show in what city, county, or state, or for that matter the country, the property was located, nor did it show where the contract was executed, (the only description contained in the sales contract when such contract was executed was "all that tract of land in 4582 Club Drive").

Under the decision of the Supreme Court in *Molton* v. *Woodruff*, 175 *Ga.* 168 (165 S. E. 59), the description in the sales contract "4582 Club Drive" is too indefinite to be the basis of a contract for the conveyance of real estate. See also *Cashin* v. *Markwalter*, 208 *Ga.* 444, 446 (67 S. E. 2d 226). Therefore, the description contained in the real-estate sales contract under consideration was insufficient, and a finding for the defendants and against the plaintiff was unauthorized unless the following phrase under the above description would save the contract: "Legal description to be attached later and to become a part thereof."

The defendants contend that this phrase saved the contract, and in support of such position cite Schmalzer *v.* Jamnik, 407 Ill. 236 (95 N. E. 2d 347), wherein it was held: "Under the normal, every day business practice of buying and selling property, there will many times be occasions when legal descriptions will not be at hand at the time the contract is made. The reservation for later insertion of proper legal description would protect the sanctity of contracts and will enable the parties to properly perform their agreements. These circumstances are to be found in this cause, and the consent of the appellant here to the reservation in the contract of the right to insert the description at a later time, in effect estops the appellant from now asserting that the lack of legal description makes the contract impossible of specific performance." An examination of this case discloses that description of the property contained in the sales contract itself without such later inserted legal description gave a sufficient key to the property so that the later inserted

legal description was actually not necessary under the law as interpreted by the Supreme Court of Georgia. This, however, was not the situation in the case sub judice. No Georgia decision has been found expressly dealing with the point here raised. The description in the sales contract in itself does not give any key to the real estate allegedly covered by such sales contract, nor does it refer to any other writing which would give a key to such real estate. Had the phrase "legal description to be attached later and to become a part thereof" referred to where the legal description was to be obtained with such definiteness that only one legal description could have been attached then it is believed that such description would have been sufficient, but that is not the case, for the phrase on which the defendants rely is as open to various descriptions as is the street address which precedes such phrase. Accordingly, although it may be realized that it is the practice of real-estate brokers to merely use this phrase "legal description to be attached later" in order to avoid copying a lengthy legal description into the sales contract, and that many sales are consummated on sales contracts which read this way, it cannot be said that the courts can approve such a practice when neither the sales contract itself, nor the source of the "legal description to be attached later" is definite enough to limit such description to any one tract of property. A judgment for the plaintiff is demanded on this count of his petition, and this is true although there was later attached to some copy of some paper a legal description of a particular tract of property.

No question is presented in the case sub judice as to the rights of persons to enter into a contract by adding the legal description of real property to a paper which had previously been signed by them but was a nullity prior to the time the description of the property was attached.

2. Count one of the plaintiff's petition, (which alleged in substance that the sales contract was subject to his obtaining a Veterans' Administration loan with certain payments, that he could not obtain such a loan so the contract was not enforceable, and that he was therefore entitled to a refund of his earnest money), presented a question for the jury as to the plaintiff's good faith in attempting to obtain such a loan under the evi-

dence adduced on the trial. There was evidence that the plaintiff had applied to a mortgage broker and to a savings and loan association for such a loan and had been turned down by both, and that one of the applications for a loan had been pending, neither approved nor disapproved, until the day before the date of closing under the sales contract. Therefore, the trial court erred in directing a verdict for the defendants on this count of the plaintiff's petition.

3. The plaintiff was not entitled to attorney's fees under either count of his petition as finally amended. Ordinarily it is a jury question as to whether a plaintiff is entitled to attorneys' fees; however, in the present case there was no evidence adduced on the trial, nor was there any evidence sought to be introduced which would have supported a finding that the defendants had been stubbornly litigious or had caused the plaintiff unnecessary trouble and expense. The evidence which was introduced and that which was sought to be introduced merely showed that the defendants defended the claim against them. "The expenses of litigation are not generally allowed as a part of the damages; but if the defendant has acted in bad faith, or has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them." Code § 20-1404. There was no evidence that the contract had been entered into in bad faith or that the defendants had done more than to defend the action brought against them. "A mere refusal to pay a disputed claim is not the equivalent of stubborn litigiousness." *State Mutual Ins. Co.* v. *McJenkin Ins. &c. Co.*, 86 *Ga. App.* 442, 445 (71 S. E. 2d 670).

4. In view of the decision in the first division of this opinion, that a verdict was demanded for the plaintiff on count 3 of his petition as finally amended, and the decision in the third division, that the plaintiff under the evidence introduced and sought to be introduced was not entitled to attorneys' fees, the remaining questions presented by the writ of error become moot, and will therefore not be passed on.

The judgment of the trial court denying the plaintiff's motion for new trial must be reversed.

*Judgment reversed. Felton, C. J., and Quillian, J., concur.*