41202. SIRMANS v. NASHVILLE MILLING COMPANY, INC.

RUSSELL, Judge. ■ Objections to oral testimony on the ground that it is not the highest evidence must be first raised in the trial court. *Planters Rural Telephone Cooperative v. Chance,* 108 Ga. App. 146, 147 (132 SE2d 90).

■ Where on a motion for judgment notwithstanding the verdict the only testimony on a material point is that of a party litigant, and such testimony is itself vague, equivocal and self-contradictory, it must be construed against the party and will not, standing alone, be suffiicent to prove the fact in issue. *Jackson's Mill & Lumber Co. v. Holliday,* 108 Ga. App. 663 (6) (134 SE2d 563). The abridged brief of evidence here recites that the defendant testified "that he never received a bill but did talk with [plaintiff's president] about the bill on three or four occasions and that it was perfectly agreeable for it to go on." Whatever "it" refers to, this statement does not destroy the probative value of his positive testimony that he purchased the corn for payment of

which this suit on account was filed and "that he paid for the same on August 9, 1960, in cash." Nor did the issue hang solely on the defendant's testimony, as his wife also testified positively that she was present and saw her husband pay for the corn in cash at that time.

■ A motion for judgment notwithstanding a mistrial will not lie unless, under the same evidence, a verdict should have been directed in favor of the moving party. *Crown Carpet Mills v. C. E. Goodroe Co.*, 108 Ga. App. 327 (1) (132 SE2d 824). The only issue in this suit on account was whether merchandise which the plaintiff admitted purchasing had been paid for. Two witnesses for the defendant testified as to the time, place, and manner of payment, and two witnesses for the plaintiff denied the occurrence. Under these circumstances, the case should have been left to the determination of a jury.

■ The motion to dismiss the bill of exceptions is denied. *Code Ann.* § 6-805.1.

The trial court erred in granting the plaintiff's motion for judgment notwithstanding a mistrial.

*Judgment reversed. Felton, C. J., and Jordan, J., concur.*

DECIDED MARCH 11, 1965.

*D. W. Slone*, for plaintiff in error.
*W. D. Knight*, contra.