41242. CARMICHAEL v. GONZALEZ.

ARGUED APRIL 6, 1965—DECIDED APRIL 28, 1965—
REHEARING DENIED MAY 17, 1965.

*Levy & Stonecypher, Jean Wm. Levy,* for plaintiff in error.

*Greene, Neely, Buckley & DeRieux, James H. Moore,* contra.

NICHOLS, Presiding Judge. ■ The defendant contends that the trial court erred in allowing time to amend when it sustained the motion to dismiss count 1 of the petition upon the ground that the petition failed to contain enough to amend by. *Code* § 81-1302 provides: "A petition showing a plaintiff and a defendant, and setting out sufficient to indicate and specify some particular fact or transaction as a cause of action, shall be enough to amend by. The jurisdiction of the court may be shown and the details and circumstances of the particular transaction may be amplified and varied by amendment. If the declaration shall omit to allege facts essential to raise the duty or obligation involved in the cause of action which was evidently originally intended to be declared upon, the omitted fact may be supplied by amendment."

The petition contained enough to amend by, and the trial court did not err in permitting such amendment.

■ The petition as finally amended alleged that the plaintiff sought the loan, during the period of time provided in the contract for him to obtain such loan, from 2 named savings and loan associations as well as from an insurance company and a bank; that he could not obtain the loan from either of the savings and loan associations or the bank under the terms provided in the contract or from the insurance company. Under such allegations the petition as amended set forth a cause of action and a question of fact was presented as to whether the plaintiff had sought unsuccessfully in good faith to obtain the loan under the terms set forth in the contract. See *Murphy v. Morse,* 96 Ga. App. 513 (100 SE2d 623).

■ During the trial of the case the plaintiff testified that he contacted the institutions named in the petition to apply for the loan but was unable to obtain it. His attorney then asked if there was any reason why he was unable to obtain the loan. His reply, "at the time, the lending officers of these various banks I had attended advised me no such loan was available," was objected to on the ground that the answer was hearsay. Such evidence was admissible to explain the plaintiff's conduct in not filing a formal written application for the loan with such lending

institutions at that time. "When in a legal investigation, information, conversations, letters and replies, and similar evidence are facts to explain conduct and ascertain motives, they shall be admitted in evidence, not as hearsay, but as original evidence." *Code* § 38-302. However, even if such testimony could be considered "hearsay" it was not harmful error to admit such testimony where witnesses for the defendant, an officer of the bank and an officer of one of the savings and loan associations, testified on cross examination that their lending institutions could not make a loan under the terms required by the contract.

■ The sole remaining special ground of the defendant's amended motion for new trial complains of the exclusion of evidence sought to be elicited from the plaintiff while on cross examination. The ground of the motion for new trial complains of the judgment excluding a particular question while the gist of the argument in support of such ground is that the question asked was the first in a series to be asked and that the defendant's right to a thorough and sifting cross examination was abridged.

"Every party litigant is entitled to a thorough and sifting cross examination yet the discretion of the trial court to control such examination so as to limit the inquiry to relevant matter will not be interfered with unless such discretion is manifestly abused. See *Clifton v. State*, 187 Ga. 502, 508 (2 SE2d 102), and citations. It cannot be said that by sustaining the objections to specific questions asked the trial court abused its discretion to control the cross examination of the witnesses within reasonable bounds." *Kaminsky v. Blackshear*, 108 Ga. App. 492, 495 (133 SE2d 441). Nor was the exclusion of the evidence reversible error since an answer to the question asked would not aid in determining whether the defendant had in good faith endeavored to obtain the loan and carry out the other undertakings required of him under the contract. *Carmichael v. Gonzalez*, 107 Ga. App. 746, supra.

■ The evidence adduced on the trial of the case, while not without conflict, was sufficient to authorize the trial court to find that the plaintiff had sought in good faith to obtain the loan as well as the other undertakings required of him under the con-

tract. Accordingly, the trial court did not err in overruling the defendant's motion for new trial for any reason assigned.

*Judgment affirmed. Eberhardt and Pannell, JJ., concur.*