## 41531.  SCOGGINS et al. v. HUGHES.

FRANKUM, Judge.  1.  Where the plaintiff's action for damages on account of the death of her minor son was originally brought against four named defendants, and where the plaintiff voluntarily dismissed her action as to one defendant, and where the court thereafter granted a nonsuit as to another defendant, and the case proceeded against the remaining defendants, a father sued as owner and his son sued as the driver of a family purpose automobile, it was not reversible error, under the facts in this case, for the court in charging the jury on the contentions of the parties to instruct them that they should disregard those allegations of plaintiff's petition relating to the negligence of the defendants who were no longer in the case, and that they should disregard those allegations of the defendants' answer which admitted the allegations of the plaintiff's petition respecting the negligence of the stricken and nonsuited defendants as against the contention that such instruction was confusing and misleading to the jury and had the effect of removing from the jury's consideration the question of whether the negligence of the other defendants was the sole proximate cause of the death of the plaintiff's son.  *Keough v. Georgia Power Co.,* 40 Ga. App. 336 (7) (149 SE 435) ; *Atlanta Coca-Cola Botl. Co. v. Dean,* 43 Ga. App. 682 (2) (160 SE 105).  The defendants against whom the case proceeded had filed, in effect, a general denial of the allegations of the petition respecting their negligence, and in addition had alleged in paragraph 38 of their respective answers that the collision was occasioned by the combined and joint negligence of the defendants Strickland and

Evans. Nowhere in the charge did the court instruct the jury that they should disregard this allegation of the defendants' answers. Under this defense, it was competent for the remaining defendants to introduce evidence and to have submitted to the jury any fact which tended to show that they were not liable to the plaintiff. The court instructed the jury that the burden was on the plaintiff to prove by a preponderance of the evidence that the defendants were guilty of one or more of the acts of negligence charged in the petition, and that such negligence was the proximate cause of the death of the plaintiff's son. There is no assignment of error on the failure of the court to charge with or without a request so as to submit to the jury specifically the issue as to whether or not the negligence of someone other than the remaining defendants was the sole proximate cause of the death of the plaintiff's son, and that if they should so find, the plaintiff could not recover. The portions of the charge complained of in grounds 5, 6, and 7 of the motion for a new trial were not error for any of the reasons assigned. See in this connection *Russell v. Bayne,* 45 Ga. App. 55, 57 (2) (163 SE 290); *Malone Freight Lines v. Pridmore,* 86 Ga. App. 578, 583 (71 SE2d 877).

2. Ground 8 of the motion assigns error on the following portion of the charge: "Now, gentlemen, since there is a difference in the degree of care as I have pointed out to you heretofore in this charge, the fact that you might return a verdict against one of these defendants would not necessarily mean that you would have to return a verdict against the other defendant in the case. For instance, if you should find from the evidence in the case that the driver of the Scoggins automobile, that is Johnny D. Scoggins, was not grossly negligent, *and you would have to find that he was grossly negligent,* and I will give you a definition of that expression in a few minutes, then Mrs. Hughes would not be entitled to recover from that defendant; and likewise, if you should find that the defendant, Johnny D. Scoggins, was operating the automobile of his father at the time under what we know as the family purpose doctrine, that is that his father owned the automobile and maintained it for his own use and pleasure and for the use and pleasure of other members of his family, including his son who lived with him, and that he was operating the automobile in that situation and under those circum-

stances, Mrs. Hughes could not recover against either of the defendants, in the absence of gross negligence." The effect of the defendants' contention with respect to the italicized language is that it amounted to the expression or intimation of an opinion that the evidence affirmatively showed that Johnny D. Scoggins was grossly negligent, and that the jury would be required to make such a finding. This charge, though perhaps inaptly stated, was not subject to this criticism. The charge of the court must always be considered as a whole in determining whether a particular portion thereof amounts to harmful or reversible error. *Dixie-Ohio Express v. Brackett*, 106 Ga. App. 862, 866 (128 SE2d 642). In commencing his charge on the law applicable to the case the judge had instructed the jury clearly that the effect of the defendants' answer denying the allegations of the plaintiff's petition was to place the burden of proof on the plaintiff to establish to their satisfaction by a legal preponderance of the evidence that the allegations which the plaintiff made were true, and that the paragraphs of the petition containing the allegations of negligence on the part of the defendants were each and every one denied by the defendants, and that this placed the burden of proof on the plaintiff to prove some one or more of those allegations before she could recover in this case. Elsewhere in his charge the judge had repeatedly emphasized to the jury that the plaintiff could not recover against the defendants here involved unless it appeared to their satisfaction, that is, by a preponderance of the evidence, that the death of the deceased was proximately caused by the gross negligence of the driver of the automobile in which David Hughes was riding as a guest passenger; that it must appear that Johnny D. Scoggins was grossly negligent in the operation of his father's automobile at the time, and that that gross negligence resulted proximately in the death of the deceased; that if the death of the plaintiff's son was the result of an accident unmixed with the failure on the part of either party in the case to use the care required by law, the plaintiff could not recover; and "that there can be no recovery here against the defendant, Johnny D. Scoggins, in any event, unless it appears that the death of the deceased was proximately caused by the gross negligence of Johnny D. Scoggins." Considering the charge as it relates to the liability of the defendants, Ben D. and Johnny D. Scoggins, and the bur-

den on the plaintiff to prove actionable negligence on their part, we do not think that the jury could possibly have been misled by this obvious slip of the tongue on the part of the judge, or that they could have understood other than that before they could find for the plaintiff they must ascertain from a preponderance of the evidence that the defendant, Johnny D. Scoggins, was guilty of some one or more of the acts of gross negligence charged against him, and that one or more of such acts was the proximate cause of the death of David Hughes, and we think that the charge in this respect, when viewed in its entirety, was free from any misleading influences. *Southern R. Co. v. Merritt,* 120 Ga. 409 (2) (47 SE 908); *Turner v. Elliott,* 127 Ga. 338, 341 (56 SE 434); *Radney v. Levine,* 75 Ga. App. 137, 141 (42 SE2d 644); *Fievet v. Curl,* 96 Ga. App. 535, 538 (101 SE2d 181). Ground 8 shows no cause for a new trial.

3. The general grounds and grounds 4, 10 and 11 of the motion for a new trial, as well as the motion for a judgment notwithstanding the verdict, may be considered together. The evidence amply authorized the verdict against the defendants. The husband of the plaintiff having testified that she was his wife and that she was the mother of the deceased, this evidence sufficiently proved the necessary relationship between the plaintiff and the deceased. *Code* § 38-303. Under the facts and circumstances developed on the trial the jury was authorized to find that David Hughes died as a result of the collision in question. With respect to the collision and the proximate cause thereof, and with respect to the question as to whether the evidence sufficiently showed gross negligence on the part of the defendant, Johnny D. Scoggins, we need say only that the jury was authorized to find that the collision occurred at about 12 at night at a time when it was raining and sleeting and very cold and the roadway wet and slippery; that immediately before the collision the defendant, Johnny D. Scoggins, was driving the automobile in question at 57 miles per hour; that, although there was ample space for him to have driven to the right thereof, he ran into the rear of an automobile stopped near the center line of the road with its blinker operating and indicating a left turn; and after striking that automobile collided with an oncoming automobile at about the center of the highway. This evidence was enough to authorize the jury to find that he was guilty of gross negligence.

With respect to the charge of the court to the jury: the court, having instructed the jury as indicated in the preceding headnotes of the opinion on the burden of proof, did not err, in the absence of a timely written request, in failing to expressly instruct the jury that in order for the plaintiff to recover she must prove by a preponderance of the evidence that she was the mother of the deceased, David Hughes, and that the deceased, David Hughes, died as a result of injuries sustained in the collision. *Central of Ga. R. Co. v. Manchester Mfg. Co.*, 6 Ga. App. 254 (2) (64 SE 1128).

*Judgment affirmed. Bell, P. J., concurs. Hall, J., concurs in the judgment.*

ARGUED SEPTEMBER 14, 1965—DECIDED NOVEMBER 9, 1965—REHEARING DENIED NOVEMBER 30, 1965.

*Fullbright & Duffey, Harl C. Duffey, Jr.*, for plaintiffs in error.

*Robert Edward Surles*, contra.