## 43026. PARKER HEATING COMPANY v. ROCK SPRINGS MANOR, INC. et al.

Jordan, Presiding Judge. Rock Springs Manor, Inc., Rock Springs Gardens, Inc., and Rock Springs Apartments, Inc., each filed an action in the Civil Court of Fulton County in the nature of a breach of contract against Parker Heating Company, based on the defective installation of air conditioning equipment. The cases were consolidated for trial, the jury returned verdicts for each of the plaintiffs, and judgments were rendered accordingly. The defendant appeals from orders overruling its motions for directed verdicts, judgments n.o.v., and motions for new trial. *Held:*

1. In the third enumerated error the defendant-appellant complains of the refusal of the court to give two requested charges to the effect that expressed warranties in the contract as to the quality of the equipment would exclude implied warranties. In the fourth enumerated error the defendant-appellant complains of the instructions of the court in submitting the cases to the jury on the issue of "skillful and workmanlike" installation, thereby eliminating any issue as to expressed warranties in the contract which excluded implied warranties. The contract, a written proposal which each of the plaintiffs accepted, was to install described air conditioning equipment "including all duct work, registers, grills, insulation, labor, wiring, and other material to complete job," at an agreed price per unit unless a deduction for each unit installed "if service panel [for electricity] is ample." The proposal included a statement of warranty as to the equipment, and a guarantee that the equipment would maintain a 15° differential between outside and inside temperatures under specified conditions. As shown by the pleadings and the evidence the plaintiffs seek damages measured by the expenses incurred in providing additional ventilation for units installed in the attics of hip roof

buildings, which as installed by the defendant did not operate efficiently and provide sufficient cooling, no provision having been made for sufficient outside air to cool the condensers of the units. The gist of the actions is that of damage resulting from a faulty installation, and the quality of the equipment was not in issue. Assuming the equipment met the expressed warranties of quality, it would be worthless unless installed so as to operate properly, and the accepted proposal was for a complete job, which necessarily implies an installation which would function properly. It clearly appears from the evidence that after provision was made to cool the condensers with outside air instead of hotter attic air the equipment functioned properly, and that the necessary work was done at the expense of the plaintiffs only after the plaintiffs had failed to agree with the defendant as to necessary corrective measures. The requested instructions as to the effect of the warranties were not adjusted to the pleadings and evidence, and it was proper for the judge to submit the case to the jury on the theory of a breach of contract. See *McKee v. Wheelus*, 85 Ga. App. 525 (69 SE2d 788). These enumerated errors are without merit.

2. In the fifth enumerated error the defendant-appellant asserts that the court erred in instructing the jury as requested by the plaintiffs in requests numbered 1 through 4. While the record shows that the trial judge agreed to include four requests in his instructions, and that counsel did object to requested instructions numbered 1 through 4, it is impossible to identify the content or nature of the requests from the record or the transcript, and notwithstanding the requirements of Rule 17 (c) (3) A of the court, that portion of the brief in support of this enumerated error is devoid of any specific reference to the record or transcript to enable this court to identify the nature or content of the requests. The statement of the cases in the brief does show, however, that the trial judge instructed the jury as requested by the plaintiffs, over objection of the defendant, on the subject of an implied warranty of a "good and workmanlike installation" though not dealing with such implied warranty as a warranty, and it contains a citation to the transcript showing the objection by counsel to the plaintiffs' numbered requests. For the reason stated in the first division of this opinion we think the judge properly submitted the cases to the jury as actions for

breach of contract based on a faulty installation, and find no harmful error in his instructions to this effect. There is no merit in the fifth enumerated error.

3. The first two enumerated errors are directed generally to the overruling of motions for judgment n.o.v. and motions for new trial. The evidence amply supports the verdicts, and no error is shown for any reason assigned.

*Judgment affirmed. Deen and Quillian, JJ., concur.*

ARGUED SEPTEMBER 11, 1967—DECIDED SEPTEMBER 19, 1967— REHEARING DENIED OCTOBER 10, 1967.

*Long & Siefferman, Floyd E. Siefferman, Jr.,* for appellant.

*Webb, Parker & Ferguson, John Tye Ferguson, Paul Webb, Jr.,* for appellees.

ON MOTION FOR REHEARING.

The appellant quotes the statement in *Malsby & Avery v. Young,* 104 Ga. 205, 212 (30 SE 854) that, "It is only in the absence of an express warranty that resort can be had to an implied warranty" as authority for its contention that it was error to charge and submit the case to the jury on a theory of implied warranty because the written contract contained express warranties. However, the *Malsby* case is limited in application to exclude any implied warranty which is within the scope of the subject matter of an express warranty, for as further stated therein: "Much would depend upon the nature and extent of the warranty, where it was express, whether any implied warranty would exist in connection with what was expressed."

Under former *Code* § 96-301, in effect at the time this contract was made, the seller is bound by the various implied warranties listed therein, including suitability for the use intended, unless there is an express warranty excluding such an implied warranty or such a warranty is excepted by the very nature of the transaction. In the present cases the appellant's obligation was twofold, *to supply* described equipment, and *to install* the equipment, providing necessary installation materials, labor, etc., *to do a complete job.* The express warranties cover the life of the equipment, one year on motors and controls, and five years on

32

the remainder, and the appellant agreed to provide one year free service. The guarantee, if it be deemed a warranty, covers the ability of the system to maintain a 15° differential between outside and inside temperatures under described conditions of temperature and humidity. The appellees do not contend that the appellant has failed to supply equipment in accordance with the warranties, or that the equipment, as a system, is not capable of maintaining the guaranteed temperature differential. The appellees do show evidence, however, sufficient to authorize a finding that the appellant did not install the equipment properly by failing to provide proper ventilation and thus failed in their obligation under the contract to furnish a complete job. Under the circumstances of the present cases it is immaterial whether the cases are treated as involving the breach of an implied warranty to install the equipment in a manner reasonably suitable for intended use or as involving the breach of the contract in failing to furnish a complete job, and it was proper for the trial judge to submit the issue to the jury in terms of whether there was a failure "to install certain air conditioning equipment" in the apartment buildings "in a skilled and workmanlike manner." There is no merit in any of the contentions of the appellant on motion for rehearing.

*Motion for rehearing denied.*