## 54608. ROGERS v. JOYNER.

SMITH, Judge.

In this suit by Rogers to recover earnest money paid on an oral contract to buy real estate from Joyner, a jury verdict was returned in Joyner's favor. Rogers appeals the judgment entered on that verdict, contending that her motion for a directed verdict should have been granted, that the trial court erred in charging the jury, and that her claim for attorney fees should have been submitted to the jury. Finding these contentions meritless, we affirm the judgment.

1. "A motion for a directed verdict shall state the specific grounds therefor." CPA § 50 (a) (Code Ann. § 81A-150 (a)). The transcript shows a naked request for a directed verdict, with *no* grounds stated therefor. Consequently, the trial court committed no error in denying the request.

2. The appellant contends the trial court erred in instructing the jury as to the law concerning the extent of partial performance required in order to exempt from the Statute of Frauds (Code § 20-401 (4)) a contract to buy land. Though we tend to agree the charge was misleading and confusing on this point of law, the objection was not raised during the trial and it cannot now be raised for the first time on appeal. The objection at trial was, "There is no part performance on the part of the defendant or the plaintiff in this case sufficient to warrant a charge on it." This objection simply states that there is no evidence on part performance sufficient to authorize the charge. The objection does not raise the new ground being argued on appeal that the charge was confusing.

3. Finally, it was not error to direct a verdict in appellee's favor on appellant's claim for attorney fees under Code § 20-1404. There was no evidence that the appellee entered into the transaction in bad faith, and all the evidence at trial pointed only to a bona fide dispute between the parties.

*Judgment affirmed. Bell, C. J., and McMurray, J., concur.*

SUBMITTED OCTOBER 3, 1977 — DECIDED JANUARY 26, 1978 — REHEARING DENIED MARCH 8, 1978 — CERT. APPLIED FOR.

*Gilbert & Blum, Fred A. Gilbert, David D. Blum,* for appellant.

*Walters, Davis, Ellis & Smith, J. Harvey Davis,* for appellee.