58429. BOWEN et al. v. KEN-MAR CONSTRUCTION COMPANY, INC.

Shulman, Judge.

This is the second appearance of this action involving appellee-general contractor's suit seeking recovery for labor, building materials and supplies allegedly furnished to appellants in the improvement of appellants' real estate. For the earlier appeal see *Bowen v. Ken-Mar Const. Co.,* 145 Ga. App. 708 (244 SE2d 646). On retrial, a jury returned a verdict awarding $4,444.86 plus interest,

$5,914.90 attorney fees, plus cost, and declaring a special lien against the subject property. On appeal from the judgment entered on that verdict, we affirm on condition.

1. In support of its claim for damages under a purported contract providing for payment of actual expenditures plus a stated profit, appellee was permitted to introduce ledgers containing entries of expenditures made for the purpose of improving appellants' property and invoices for material purchased for the "Bowen Job." Appellants assert that the admission of these exhibits, over objection on various grounds, constituted reversible error. We disagree.

A. Among the reasons advanced to the trial court for the exclusion of these exhibits, appellants urged that the proper foundation had not been laid. This objection is insufficient to preserve appellate review. *Dillard v. State,* 128 Ga. App. 747 (197 SE2d 924). Similarly, appellants' failure to properly raise their best evidence objection at the trial level precludes them from raising this ground on appeal. *Sirmans v. Nashville Milling Co.,* 111 Ga. App. 338 (1) (141 SE2d 592).

B. Appellants submit that these exhibits were inadmissible because appellee failed to give the requisite notice that such materials would be offered in evidence. See Code Ann. § 38-626. Pretermitting whether these materials constituted "books or records" of an incorporated company within the meaning of Code Ann. § 38-626, since these exhibits were made available to appellants and, in fact, introduced into evidence on the first trial of this case, we hold that the notice requirements of the statute, if applicable, were satisfied.

C. Appellee presented evidence that appellants had entered into an oral contract for the construction of a private residence on a cost plus $1,000 basis. Thus, the trial court properly overruled appellants' objection to the admissibility of these exhibits, which objection was made on the ground that cost figures were irrelevant because no contract had been established. See, e.g., *Carmichael Tile Co. v. McClelland,* 213 Ga. 656 (6) (100 SE2d 902), holding that in order to recover on a cost plus percentage profit basis, the evidence must show the amount actually expended and that such amount was fair and reasonable.

2. Appellants moved for a directed verdict on the ground that appellee had failed to show a claim for relief either under an express or implied contract theory. Appellants' complaint that the trial court erred in denying their motion is not well taken.

A. Appellants' argument that a directed verdict was in order as to an appellee's claim for the reasonable value of services rendered and materials furnished is based on their contention that the total payments made to appellee exceeded the benefit conferred on appellants (as measured by the fair market value of the house constructed). In support of this contention, we are cited exclusively to a portion of counsel's argument where counsel summarizes the evidence. Since this summation is not evidence, appellants' contentions are not supported by the record and must be deemed abandoned. *Dimmick v. Pullen,* 120 Ga. App. 743 (2) (172 SE2d 196). As to recovery on a quantum meruit theory, see generally *Shubert v. Spier,* 201 Ga. 20 (3) (38 SE2d 835).

B. Appellants, submitting that the evidence presented at trial showed that the express oral contract on which appellee has predicated its claim lacked detailed plans and specifications, moved for a directed verdict as to appellee's contract claim on the ground that the purported contract was void for uncertainty. See, e.g., *Berry v. Discount Lumber &c. Co.,* 235 Ga. 320 (219 SE2d 434). We find no error in the denial of this motion.

Since evidence was presented by appellee that, insofar as it was permitted to do so by appellants, appellee had performed its part of the contract, the absence of specifications and plans did not render the contract void for vagueness. *Allen v. Arrow Contracting Co.,* 110 Ga. App. 369 (2) (138 SE2d 600). See generally *Carmichael Tile Co.,* supra, Divisions 6 and 7, recognizing the validity of oral construction contracts to improve property.

3. Appellants' assertion that the trial court erred in charging the jury on express contract and recovery thereon is premised on the unwarranted assumption that the contract forming the basis of appellee's claim was void as a matter of law. (See Division 2B of this opinion.) Since the contract is not void as a matter of law, the charge is not subject to the criticism lodged against it. Cf. *Rader v. H.*

*Boyer Marx & Assoc., Inc.* 142 Ga. App. 97 (4) (235 SE2d 690).

4. Appellants maintain that there was no evidence to authorize a charge on, or to support an award of, attorney fees pursuant to Code Ann. § 20-1404. This is well taken.

A review of the evidence shows that appellants maintained that the money demanded by appellee was not owing because appellants had paid more money on construction costs than the house was worth (thereby raising an issue as to the reasonableness of charges); because of construction delays; and because appellee performed work after being told to terminate the job. Since the evidence showed a disputed claim which defendants were entitled to litigate and since the evidence does not otherwise show entitlement to attorney fees, the award of attorney fees must be reversed. *Rogers v. Joyner,* 145 Ga. App. 179 (243 SE2d 249).

*Judgment affirmed on condition that the award of attorney fees be written off within 10 days; otherwise, the judgment is reversed. Deen, C. J., and Carley, J., concur.*

ARGUED SEPTEMBER 5, 1979 — DECIDED NOVEMBER 9, 1979 — REHEARING DENIED NOVEMBER 27, 1979 —

*John P. Cross,* for appellants.
*C. Lloyd Clay,* for appellee.