61169. IDEAL POOL CORPORATION v. CHAMPION.

QUILLIAN, Chief Judge.

The defendant, Ideal Pool Corporation, appeals from a jury verdict for the plaintiff in an action in which it was alleged that Ideal had installed a swimming pool for the plaintiff and thereafter the vinyl liner of the pool split — due to negligent and faulty installation.

The pool was installed in August, 1977. The split in the vinyl liner developed in January 1978, in a corner of the shallow end of the pool. Ideal patched the split after being notified. Champion was not satisfied with the extent of repair as water leakage from the split had disturbed the sandy subsurface support under the liner and he

testified "it was just ridiculous to have a pool that had wrinkles and big gullies under the liner, and stretched out of shape and rocks sticking up under the liner . . ." Champion asked Ideal to replace the liner and Ideal refused but offered to install another liner and smooth out the sandy support base for $1,700. Champion hired another firm to replace the liner at a cost of $2,000, and brought this action. The jury found for the plaintiff in the amount of $2,000, and attorney fees in the amount of $2,500. The trial court denied Ideal's motion for judgment n.o.v., or a new trial. Ideal brings this appeal. *Held:*

1. The trial court did not err in denying defendant's motion for a directed verdict. Plaintiff alleged "the split in the vinyl liner was due to the negligent and faulty installation" by the defendant and relied upon the express warranty in the installation contract that: "The pool shall be installed in a competent and workmanlike manner . . . All workmanship and labor performed is guaranteed for a period of one year from the completed installation date; and that any defective material, resulting from faulty installation, will be repaired or replaced without charge during this one year period."

Each side presented expert testimony as to the cause of the tear in the vinyl liner. Champion's expert testified that in his opinion the pool failed because there was inadequate slack in the liner and the tear could have been avoided by allowing additional slack or by relocating the seam in a portion of the pool other than the corner. Suffice it to say, both sides offered evidence as to the cause of the failure of the liner and the jury must have accepted the plaintiff's version. As the evidence to causation of the split was in conflict, and the evidence did not demand a verdict for the defendant, and there was evidence to support the verdict for the plaintiff, the trial court did not err in denying defendant's motion for directed verdict. *Curl v. First Federal Savings &c. Assn.,* 243 Ga. 842 (1) (257 SE2d 264); *Speir v. Williams,* 146 Ga. App. 880 (1) (247 SE2d 549).

2. Defendant's second enumeration is bifurcated. It is alleged the trial court erred "in granting plaintiff's pre-trial Motion in Limine and in excluding evidence in regard to plaintiff's various communications and transactions with his homeowner's insurance company." Also enumerated as error is the exclusion of "proffered testimony by deposition of . . . a representative of plaintiff's homeowner's insurance company . . ."

(a) Plaintiff's counsel informed the trial court that when plaintiff retained an attorney, "the lawyer was confronted with where [why?] the pool failed and he made claims against the [insurance] carrier and the pool company and [the] insurance company paid a portion of it to settle a doubtful claim." Plaintiff argued that "insurance is not relevant" to the issue before this court — liability for

the split in the vinyl liner of the pool. Defendant found it "very relevant . . . the only way that [the insurance company] could [,] under their policy . . . be obligated to pay . . . is if this hole in the liner was caused by vandalism." They contended that it was an admission against interest by the plaintiff — that he instituted a claim against his homeowner insurance carrier — for vandalism. The trial court ruled: "Generally speaking . . . it is not admissible . . . you can't just walk over and say he's already got $1,600.00 from his insurance company . . . Now if there comes a dispute as to where they say they didn't make any hole in it, then he says somebody made a hole in it . . . I'll see whether it is relevant at that time . . . If the sole purpose is to make this a case in which you would test the validity of the subrogation rule, then . . . we won't go into it at all . . . let's wait and see how it becomes relevant." Thus, the trial court did not grant plaintiff's "pre-trial Motion in Limine," but reserved ruling upon the question of insurance coverage until it became relevant.

Defendant, on cross-examination of the plaintiff - Champion, asked: ". . . Did you ever tell anyone that the hole in your pool was caused by vandalism or act of God . . . or anything like that? A. No. Q. You never told your insurance company that? A. No. Did you file a proof of loss with your homeowner's insurance company in this case?" The answer was objected to and counsel referred to a deposition taken of the insurance adjuster when plaintiff had told him: ". . . he thought it could be caused by vandalism or defect . . ." The court ruled: "I have determined now this business of the homeowner's insurance is totally irrelevant. It is in the nature of the collateral source rule. Now if you can prove — if you can show that he made prior inconsistent statements, then that would be grounds for impeachment, and I would so charge the Jury, but you are not going to do by indirection what you can't do directly . . . the point is the only reason we are going into this vandalism question is for purposes of credibility and not for purposes of indirectly getting in the fact that he received some money from his homeowner's insurance." Counsel was then permitted to ask Champion: ". . . did you ever tell anyone that the problems with your pool were caused either by vandalism or defect? A. Yes."

In summary, the enumeration complained of "granting plaintiff's pre-trial Motion in Limine and in excluding evidence in regard to plaintiff's various communications and transactions with his homeowner's insurance company." The Motion in Limine was not granted and the only evidence excluded was that the statements made by Champion were made to his insurance carrier — and the fact that he told the insurance adjuster that the cause was "either vandalism or defect" was admitted in evidence.

The "collateral source rule" refers generally to tort cases in which the plaintiff may receive benefits from collateral sources — e.g. insurance, his employer, or other source, which lessens his financial loss but will not diminish the damages otherwise recoverable from the wrongdoer. *Insurance Co. of N. America v. Fowler,* 148 Ga. App. 509, 511 (2) (251 SE2d 594); see generally 22 AmJur2d 286, Damages, § 206; 25 CJS 1017, Damages, § 99 (3). The fact that a party has liability insurance is not relevant on the issue of liability unless "[it] is an integral part of an admission or is relevant on some other issue, then it is admissible in evidence." Agnor's Ga. Evidence 193, Relevancy § 10-19; Green, Ga. Law of Evidence 180, Relevancy § 73. " 'According to the generally accepted rule, the fact that the defendant is insured or otherwise indemnified against loss in the event of a recovery against him can not be shown *as an independent fact by plaintiff* [cits.], *although it may be shown . . . where it is brought out as an incident to the proof of some other fact properly involved.' "* *Goldstein v. Johnson,* 64 Ga. App. 31, 35 (12 SE2d 92). Thus, if the answer would be admissible as an admission, the fact that it also contains a suggestion that the party carries insurance would not exclude the answer. *Wade v. Drinkard,* 76 Ga. App. 159 (5a) (45 SE2d 231); 29 AmJur2d 462, Evidence, § 406.

However, the trial court in the instant case let the defendant question plaintiff as to any admission he had made to his insurance carrier and only precluded the fact that it was made to an insurance company — although that fact had previously been injected into a question by the defendant. We find no prejudicial error in the procedure followed by the trial court.

(b) The refusal to accept the deposition testimony of the insurance officer was not error for the reason assigned. The defendant failed to make the showing required for admissibility by Code Ann. § 81A-132 (CPA § 32; Ga. L. 1966, pp. 609, 644; 1972, pp. 510, 521). *Building Assoc. v. Crider,* 141 Ga. App. 825 (6) (234 SE2d 666); *Stanfield v. Smith,* 152 Ga. App. 22 (5) (262 SE2d 216).

3. Defendant contends the trial court erred in denying its motion for directed verdict as to attorney fees and in charging the jury on this issue. We agree.

Generally, expenses of litigation — including attorney fees, are not allowed as a part of damages unless the defendant has acted in bad faith, has been stubbornly litigious, or has caused plaintiff unnecessary trouble and expense. Code Ann. § 20-1404 (Code § 20-1404). This court held in *Buffalo Cab Co. v. Williams,* 126 Ga. App. 522, 524 (191 SE2d 317), that the key is whether there is a "bona fide controversy." We find that there was. Where the plaintiff stated to his insurance carrier that the cause of the tear in the pool liner was

either "vandalism or defect," he can scarcely fault the pool installer who also has the same doubts. There was a bona fide controversy as to causation — as testified to by the experts on both sides. " 'A mere refusal to pay a disputed claim is not the equivalent of stubborn litigiousness.' " *Murphy v. Morse,* 96 Ga. App. 513 (3) (100 SE2d 623). Hence, as there was a bona fide controversy and the evidence did not demand a verdict for either side (*Shearer v. Griffin,* 233 Ga. 47 (4) (210 SE2d 5)), and we have found no evidence of bad faith or stubborn litigiousness or unnecessary trouble and expense, the verdict for attorney fees is not supported. *Palmer v. Howse,* 133 Ga. App. 619, 621 (212 SE2d 2); *Rogers v. Joyner,* 145 Ga. App. 179 (3) (243 SE2d 249); *Nestle Co. v. J. H. Ewing & Sons,* 153 Ga. App. 328, 333 (265 SE2d 61); *Personal Thrift Plan v. Georgia Power Co.,* 242 Ga. 388 (5) (249 SE2d 72).

4. The defendant's fourth enumeration avers plaintiff's requested charges — 1 through 4, erroneously "imply that defendant did not complete the construction of plaintiff's swimming pool." The jury was fully apprised that the defendant made the initial repair of the split in the vinyl liner and refused to make further repairs except for additional compensation. The charges referred to contained statements such as: ". . . if you should find from the evidence that the defendant did not complete the installation of the swimming pool on plaintiff's property in a skillful and workmanlike manner, you would be entitled to return a verdict for the plaintiff . . ." Thus, defendant's objection is taken out of context. "The charge of the court must always be considered as a whole in determining whether a particular portion thereof amounts to harmful or reversible error." *Scoggins v. Hughes,* 112 Ga. App. 777, 779 (146 SE2d 134). And, "where the charge as a whole substantially presents issues in such a way as is not likely to confuse the jury even though a portion of the charge may not be as clear and precise as could be desired," an appellate court will not reverse a verdict authorized by the evidence. *Johnston v. Woody,* 148 Ga. App. 152, 155 (250 SE2d 873). The charge of the court, as a whole, did not infer or imply that the defendant "did not complete" the construction of the swimming pool — but that it was plaintiff's contention that the pool was not constructed in a skillful and workmanlike manner. The charges are not erroneous for the reason assigned.

5. It is alleged that the trial court erred in failing to give defendant's requested charges 4, 5, 6, and 14. These charges related to negligence, proximate cause, and remoteness of damages. "The failure of the court to give a requested charge in the exact language requested, where the charge given covered the same principle of law, is not a ground for a new trial." *Harkness v. Harkness,* 228 Ga. 184 (2)

(184 SE2d 566).

The trial court charged that damages growing out of a breach of contract must be traceable solely to the breach and capable of computation in a certain amount, and that remote or consequential damages not traceable solely to the breach would not be allowed. No instruction was given on "negligence."

Although the pleadings of the plaintiff alleged that "the split in the vinyl liner was due to the negligent and faulty installation" by the defendant — it is clear from the other pleadings and the evidence offered during trial that the negligence complaint was based on the manner of performance of the contract as the warranty in the installation contract required "that said swimming pool was [to be] erected and installed in a competent and workmanlike manner . . ." Accordingly, the charge given on "the installation of the swimming pool on Plaintiff's property in a skillful and workmanlike manner" adequately covered the issue of negligence as adjusted to the pleadings and evidence. See *Adrian Housing Corp. v. Lucas,* 144 Ga. App. 186 (2) (5) (240 SE2d 732); see also *Parker Heating Co. v. Rock Springs Manor,* 116 Ga. App. 495 (1) (157 SE2d 818); 65A CJS 352, Negligence, § 187 (6). We find no merit to this enumeration.

6. The transcript reflects that the judge left the bench while the defendant's counsel was stating his objections to the charge given the jury. Assuming error, we find no prejudice to the defendant, and an appellant must show harm as well as error to require reversal of the judgment. We will consider all objections of counsel to the charge as being overruled by the trial court. Those objections he made to the charge have been disposed of adversely to the defendant in Divisions 4 and 5, supra. Accordingly, this enumeration is without substantial merit.

7. The remaining enumeration has been examined and found to be meritless.

The judgment will be affirmed on condition that the attorney fees be written off; otherwise the judgment is reversed.

*Judgment affirmed on condition. McMurray, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 5, 1981.

*Duane B. Jackson,* for appellant.
*William S. Shelfer, Jr.,* for appellee.