A90A0845. GIST v. FERGUSON CONSTRUCTION COMPANY, INC.

(398 SE2d 862)

BANKE, Presiding Judge.

The appellee construction company brought this action to recover monies allegedly owed by the appellant pursuant to a contract for the construction of a residence, including damages for the rental value of the home for the period of time the appellant had lived there subsequent to its completion but prior to the closing on the permanent loan. The appellant counterclaimed to recover damages for certain alleged construction defects and additionally sought to recover an alleged $850 debt for accounting services he had rendered to the appellee. The case has been tried twice. At the conclusion of the most recent trial, the jury awarded the appellee $18,661 in damages plus $5,500 in litigation expense on the main claim, while awarding the appellant $850 on his counterclaim.

The construction price specified in the contract was $115,240.02; however, shortly after commencing construction, the appellee encoun-

tered bedrock, which increased the expense of laying the foundation and installing the septic tank. The appellee sought to recover for this additional expense pursuant to a provision in the contract specifying that "if rock is encountered in attempt to construct basement and septic tank purchaser has option of paying for extra cost incurred due to rock or reducing size of basement and receiving due credit for such reduction." While the appellant asserted that the additional expense for rock removal had been incurred without his knowledge, the appellee's president testified that the appellant had in fact reviewed various bids for the work before it was commenced. In support of his construction defect counterclaim, the appellant introduced expert testimony to the effect that the foundation of the house had been improperly constructed, that the doors did not work properly, that the caulking had cracked, and that it would cost $18,750 to remedy these problems.

It was established at trial that in May of 1986, the appellant, who had transferred title to the lot to the appellee prior to the commencement of construction in order to enable the latter to obtain a construction loan, moved into the house without yet having paid anything to the appellee. The appellant testified that he was willing to close the transaction at this time, but only on the condition that he be allowed to escrow the portion of the closing proceeds he considered necessary to correct the alleged construction defects. During the period prior to the closing when the appellant was occupying the house, he refused either to pay rent to the appellee or to pay the interest on the latter's construction loan, which amounted to $923.54 a month. The closing eventually occurred in April of 1987, at which time the appellee received only the base price called for by the contract. *Held*:

1. The appellant contends that the evidence did not support an award of damages to the appellee in the amount of $18,661. " '(D)amages growing out of a breach of contract, in order to form the basis of a recovery, must be such as can be traced solely to the breach, must be capable of exact computation, must have arisen naturally and according to the usual course of things from such breach, and must be such as the parties contemplated as a probable result of the breach.' [Cits.]" *National Consultants v. Burt*, 186 Ga. App. 27, 36 (4) (366 SE2d 344) (1988). The appellee presented evidence from which the jury could have concluded that the appellant was liable under the terms of their agreement for contract "extras" in the amount of $5,606.65. The appellee further established that it had incurred interest expense on the construction loan in the amount of $10,158.94 during the 11-month period the appellant had occupied the house prior to the closing. While these two figures do not add up to $18,661, there was also evidence, in the form of testimony from the appellee's president, that the customary rent for a house of that size

at that location was $2,400 a month. As the appellant could be charged with an implied contractual obligation to pay a fair and reasonable amount of rent for the use and occupancy of the home during the period in question, see *Goodman v. Friedman,* 117 Ga. App. 475 (3), 480 (161 SE2d 71) (1968), and as an implied rental obligation of less than $1,200 per month, combined with the appellant's obligation for the contract "extras," would be sufficient to support the jury's award of damages, we find this enumeration of error to be without merit.

2. The appellant enumerates as error the admission of evidence that he ultimately received $200,000 for the property as a result of its condemnation by the Georgia Department of Transportation. Clearly, this evidence had no bearing on the issues of whether and how much the appellant had been damaged by the alleged construction defects, for while the size of the condemnation award may have tended to establish that the house was worth more at the time the condemnation occurred than the cost of construction, its market value might have been even greater had the alleged defects not existed. However, we believe this evidence could properly be considered relevant and admissible on the issue of the property's rental value. Accordingly, we hold that the trial court did not err in admitting it.

3. The appellant contends that the trial court erred in excluding testimony concerning certain adverse tax consequences he had allegedly suffered in connection with the transaction. However, the transcript reveals that the appellant was in fact allowed to offer testimony on this subject and that his counsel acceded without objection when instructed by the court to move on to another subject. Accordingly, this enumeration of error presents nothing for review.

4. The appellant contends that the evidence did not authorize an award of attorney fees pursuant to OCGA § 13-6-11. "Generally, expenses of litigation — including attorney fees, are not allowed as a part of damages unless the defendant has acted in bad faith, has been stubbornly litigious, or has caused plaintiff unnecessary trouble and expense." *Ideal Pool Corp. v. Champion,* 157 Ga. App. 380, 383 (3) (277 SE2d 753) (1981). An award of such expenses based on stubborn litigiousness is authorized where there is no genuine dispute or bona fide controversy as to the validity of the claim. See *Georgia-Carolina Brick &c. Co. v. Brown,* 153 Ga. App. 747, 753-4 (266 SE2d 531) (1980). As previously indicated, there was evidence in this case from which the jury could have determined that the appellant had in fact reviewed and approved the additional expenditure for the rock removal. The only remaining basis for his refusal to pay for the contract extras and for the rental value of the house during the period he was living in it prior to the closing was his claim that he was entitled to a set-off for the alleged construction defects. However, the jury found

against him on this claim, and we do not believe the evidence precluded a determination by the jury that he had no reasonable basis for insisting upon such a set-off. "[A]n award of attorney fees made pursuant to [OCGA § 13-6-11] 'should be affirmed if there is any evidence to support it unless it can be said as a matter of law that there was a reasonable defense.' [Cits.]" *Fuller v. Moister*, 248 Ga. 287, 288 (282 SE2d 889) (1981). "There being some evidence authorizing the award of attorney fees, this court cannot say as a matter of law that there was a reasonable defense to the main claim. [Cits.]" *Jackson v. Brinegar, Inc.*, 165 Ga. App. 432, 436 (2) (301 SE2d 493) (1983).

*Judgment affirmed. Birdsong and Cooper, JJ., concur.*

DECIDED NOVEMBER 19, 1990.

*J. Douglas Sexton*, for appellant.
*Pruitt & Britt, Glyndon C. Pruitt*, for appellee.