A10A1621. NORTON v. BUDGET RENT A CAR SYSTEM, INC.
(705 SE2d 305)

PHIPPS, Presiding Judge.

Ouida Lee Norton was sued by Budget Rent A Car System, Inc. because of damage sustained by a truck she rented from that company. In this interlocutory appeal, Norton contests the denial of her motion for summary judgment. We review the denial of summary judgment de novo, viewing the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party.[1] For reasons that follow, we reverse.

On Saturday, May 19, 2007, Norton rented a truck from Budget to transport her belongings from her former residence to her new one. Several of her friends, including Robert McKelvey and his wife, helped her move. Norton and her friends finished unloading the truck late that evening, and the McKelveys offered to return the truck to Budget because it was along their route home. Between 9:30 and 10:00 p.m., the McKelveys left Norton's new residence, heading for Budget, which was only a few blocks away.

Norton filed affidavits by McKelvey and his wife to show what happened next. McKelvey, following his wife who was driving their car, drove the truck without incident to the Budget rental lot, where he parked the truck, secured its windows, and locked its doors. Because the rental office was closed, McKelvey placed the truck keys in the key drop box located outside the office. When the McKelveys left the rental lot in their car at approximately 10:05 p.m., the truck was undamaged.

It is undisputed that the following Monday morning, the rental office manager called Norton and informed her that the truck had not been properly returned, that it had been wrecked over the

---

[1] *Talbot County Bd. of Commrs. v. Woodall*, 275 Ga. 281 (1) (565 SE2d 465) (2002).

weekend, and that she was responsible for the damage. Norton immediately went to the rental office, where personnel there insisted she was responsible for the damage to the truck. Upon Norton's request, the police arrived. According to a document, which both Norton and Budget claim is the police report: the police investigated a "theft by taking" of the truck from Budget's place of business; Budget's personnel subsequently received notification that the vehicle had been wrecked in a collision and towed to a salvage yard; no security or surveillance footage was available; and no suspect information was obtained.

To recover for the damage to the truck, costs incurred for towing and storing the wrecked truck, loss of its use, and associated administrative fees, Budget sued Norton on a theory of breach of contract. Budget alleged that Norton had breached the rental agreement by allowing McKelvey, who was not an authorized driver under the agreement, to drive the truck. Budget pointed to a provision of the rental agreement that, "subject to any limitations imposed by applicable law," placed responsibility for damage resulting from collision or theft on a renter who "violate[s] any prohibition on use of the vehicle stated in [the] agreement [or] violate[s] any other material provision of [the] agreement."[2]

Norton denied that she could be held liable for damages in connection with what happened to the truck after it was returned to Budget. "The elements for a breach of contract claim in Georgia are the (1) breach and the (2) resultant damages (3) to the party who has the right to complain about the contract being broken."[3] In seeking summary judgment, Norton attacked the "resultant damages" element. In so doing, she cited OCGA §§ 13-6-1 and 13-6-2, which provide respectively that "[d]amages are given as compensation for the injury sustained *as a result of* the breach of a contract"[4] and that "[d]amages recoverable for a breach of contract are such as arise naturally and according to the usual course of things *from such breach* and *such as the parties contemplated*, when the contract was made, as the probable result of its breach."[5]

We agree with Norton that she was entitled to summary judgment. Budget admitted that customers were not responsible for

---

[2] Language quoted here from the rental agreement was typed in all bold-face, capital letters.

[3] *Kuritzky v. Emory Univ.*, 294 Ga. App. 370, 371 (1) (669 SE2d 179) (2008) (citation omitted); see *Budget Rent-A-Car &c. v. Webb*, 220 Ga. App. 278, 279 (1) (469 SE2d 712) (1996) ("The elements of a right to recover for a breach of contract are the breach and the *resultant* damages to the party who has the right to complain about the contract being broken.") (punctuation omitted; emphasis supplied).

[4] (Emphasis supplied.)

[5] (Emphasis supplied.)

damage to rented vehicles that occurred after vehicles were returned to its possession. Budget further admitted that it would have been consistent with its own policies and procedures for a customer to return a rented vehicle to its premises and leave the keys in the key drop box. And, Budget admitted that it had provided a key drop box so that rented vehicles could be returned to its premises after hours. Moreover, Budget offered no evidence to contradict Norton's evidence that McKelvey returned the truck undamaged to Budget's rental lot, locked its windows and doors, and placed the keys in the drop box. While McKelvey may have been an unauthorized driver, Budget failed to show that the damages it sought to recover from Norton resulted from McKelvey's unauthorized driving of the rented vehicle.[6] As Norton maintains on appeal, when the truck was so returned to Budget's premises, her responsibilities for safekeeping the vehicle from subsequent theft and wreckage terminated — even though not expressly stated in the rental agreement.[7]

> To prevail at summary judgment, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the nonmovant's favor, warrant judgment as a matter of law. A defendant who will not bear the burden of proof at trial need only show an absence of evidence to support an essential element of the nonmoving party's case. [Where, as here,] the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue.[8]

Because Budget failed to adduce any such evidence on the attacked element — that the damages resulted from the alleged breach,

---

[6] See *Simmons v. Boros*, 176 Ga. App. 346, 347 (1) (335 SE2d 662) (1985) (damages for breach of contract "must be such as can be traced solely to the breach, must be capable of exact computation, must have arisen naturally and according to the usual course of things from such breach, and must be such as the parties contemplated as a probable result of the breach"), aff'd, 255 Ga. 524 (341 SE2d 2) (1986). Compare *Gist v. Ferguson Constr. Co.*, 197 Ga. App. 625, 626-627 (1) (398 SE2d 862) (1990) (evidence was presented authorizing finding that defendant was liable for damages on breach of contract theory); *Budget Rent-A-Car*, supra at 279-280 (1) (where evidence showed that renter was contractually required to return the vehicle in the same good condition, but he did not because he fell asleep while driving it at 65 mph and thereupon wrecked it, there was liability for damages arising from a breach of the rental agreement).

[7] See generally *Ellis v. Brookwood Park Venture*, 161 Ga. App. 242, 243 (288 SE2d 308) (1982) (implicit contractual provision exists "where such provision is necessary to effect the full purpose of the contract and is so clearly within the contemplation of the parties that they apparently deemed it unnecessary to state it").

[8] *Latson v. Boaz*, 278 Ga. 113-114 (598 SE2d 485) (2004) (citations and punctuation omitted).

summary judgment should have been granted to Norton.[9]
*Judgment reversed. Miller, C. J., and Johnson, J., concur.*

DECIDED DECEMBER 22, 2010.

*Bouhan, Williams & Levy, Roy E. Paul*, for appellant.
*Sherwin P. Robin*, for appellee.