[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14905
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-00585-JEC

JAMEEL CORNELIUS,

Plaintiff-Appellant,

versus

BANK OF AMERICA, NA,
as Successor by Merger to LaSalle Bank N.A.
as Trustee for Certificateholders of Bear Stearns
Asset Backed Securities I LLC Asset Backed
Certificates Series 2004-HE7,
MCCURDY & CANDLER, LLC,
MCCURDY & CANDLER BANKRUPTCY/FORECLOSURE LLC,
ANTHONY DEMARLO,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(September 25, 2014)

Before HULL, MARCUS, and FAY, Circuit Judges.

PER CURIAM:

Jameel Cornelius, pro se, appeals the district judge's order dismissing with prejudice his action for wrongful foreclosure.  We affirm.

## I. BACKGROUND

In May 2004, Cornelius entered a mortgage loan transaction with People's Choice Home Loan, Inc. ("People's Choice").  In connection with the loan, Cornelius executed a promissory note in favor of People's Choice and a security deed in favor of Mortgage Electronic Registration Systems ("MERS"), which secured the note with property located at 1143 Misty Meadows Way, Hampton, Georgia.  MERS, as nominee for People's Choice under the deed, assigned all rights and interest in the loan to EMC Mortgage Corporation ("EMC Mortgage").  EMC later assigned all rights and interest in the loan to Bank of America, N.A. ("Bank of America").  EMC Mortgage, via contract with Bank of America, remained as servicer on the loan.

In April 2008, Cornelius filed a lawsuit against EMC Mortgage, Bear Stearns Company, Inc., and People's Choice, in Georgia state court.  He sought specific performance of an alleged offer to reduce his monthly payments on the loan secured by the property.  The case was dismissed with prejudice and affirmed on appeal.

On December 7, 2010, Cornelius filed a pro se complaint in federal court for damages and wrongful foreclosure against McCurdy & Candler, LLC; McCurdy &

Candler, Bankruptcy/Foreclosure LLC; Anthony DeMarlo (collectively, the "McCurdy Appellees"); Bank of America; and EMC Mortgage.  He alleged numerous claims for relief under a variety of state and federal statutes.  The district judge dismissed that complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  The judge dismissed Cornelius's state claims against EMC Mortgage with prejudice and noted Cornelius already had sued EMC Mortgage in state court, had alleged the same facts regarding the same real property, and had stated the same vague claims.  The judge dismissed Cornelius's remaining claims without prejudice.

The district judge noted the reason for the lawsuit was to forestall a foreclosure on a property in which Cornelius had defaulted in his payments.  The judge stated his wrongful foreclosure claim was woefully inadequate.  The judge further instructed him that, "in order to restate a wrongful foreclosure claim in the future, [Cornelius was] expected to allege, with absolute precision, all elements of such a claim."  ROA at 597 (citation, internal quotation marks, and alteration omitted).  Cornelius did not appeal the dismissal of that complaint.

In February 2012, Cornelius filed the subject pro se complaint for damages and wrongful foreclosure against the McCurdy Defendants and Bank of America.  He did not assert claims against EMC Mortgage in the second complaint.  Cornelius contended the main issue was whether Bank of America had authority to

3

foreclose on his property, located at 1143 Misty Meadows Way, when EMC

Mortgage had assigned the security deed on the house to Bank of America, but not

the promissory note.  Cornelius alleged notes and security deeds were inseparable,

and separation of the note from the security deed made the security deed

ineffective.  Likewise, the securitization of the security deed rendered it

ineffective.  Cornelius also asserted Bank of America had exceeded its powers by

assigning or transferring the loan into a trust, in violation of a pooling and

servicing agreement ("PSA").

Based on the foregoing, Cornelius asserted the following state law claims

and requests: (1) interference with enjoyment of property by initiating a wrongful

foreclosure, in violation of Ga. Code. Ann. § 51-9-1; (2) slander or libel

concerning title to land, in violation of § 51-9-11; (3) punitive damages based on

fraud, under § 51-12-5.1; (4) damages for injury to peace, happiness, or feelings,

under § 51-12-6; and (5) recovery of necessary expenses, under § 51-12-7.  He also

alleged violations of unspecified federal laws and sought additional damages under

12 C.F.R. § 590.4(h)(2), 24 C.F.R. §§ 203.500 and 203.602, 12 U.S.C. § 2605(f),

and 15 U.S.C. § 1692, *et seq.*  Cornelius requested a jury trial, $2 million in

punitive damages, and $2.5 million in other damages.

Appellees filed a motion to dismiss the complaint under Rule 12(b)(6) for

failure to state a claim, which the district judge granted.  The judge noted the

4

complaint represented Cornelius's second effort to advance a legally cognizable claim arising from an alleged attempted foreclosure on real property. Although Cornelius had been given an opportunity to restate a cognizable claim, he had "returned with another rambling and incoherent complaint." ROA at 597. The judge stated Cornelius had not offered any details about the underlying mortgage transaction or whether he had defaulted on his loan obligations. Cornelius also had failed to support his separately identified counts with specific factual allegations.

Based on Cornelius's assertion that appellees lacked authority to assign his debt obligations because of a written agreement, the district judge construed a breach-of-contract claim. The judge dismissed the breach-of-contract claim, because Cornelius had not alleged he was a party to the "mystery agreement" and, therefore, lacked standing to sue for breach of any such agreement. ROA at 607.[1]

Finally, the district judge determined Cornelius's complaint should be dismissed with prejudice. The judge mentioned Cornelius had violated her previous instruction to allege facts clearly to support all elements of his asserted claims. In addition, Cornelius had not requested another opportunity to amend his complaint. The judge stated allowing Cornelius "a third bite at the apple [would] result in an already unnecessarily prolonged dispute, further expenditures of

---

[1] Although not explicitly stated, it appears the judge construed this breach-of-contract claim from Cornelius's contention that Bank of America had violated the PSA by assigning or transferring loan documents into a trust.

resources, and an unnecessary burden on the Court's docket." ROA at 611.

Cornelius filed a motion for reconsideration, which the district judge denied. On

appeal, Cornelius argues the judge erred by (1) finding he lacked standing to sue

for breach of contract; (2) dismissing his claims with prejudice before giving him

an opportunity to amend his complaint; and (3) dismissing with prejudice his

claims against EMC Mortgage.

## II. DISCUSSION

A. <u>Standing to Sue</u>

Cornelius contends the district judge erred by finding he lacks standing to

sue for breach of contract of the PSA. Relying on the First Circuit's non-binding

decisions in *Culhane v. Aurora Loan Services of Nebraska*, 708 F.3d 282, 289-90

(1st Cir. 2013) (persuasive authority), and *Woods v. Wells Fargo Bank, N.A.*, 733

F.3d 349, 353-54 (1st Cir. 2013) (same), he argues his standing to sue is not

foreclosed by his lack of privity to the agreement. We review de novo the district

judge's grant of a motion to dismiss for failure to state a claim under Rule

12(b)(6). *Catron v. City of St. Petersburg*, 658 F.3d 1260, 1264 (11th Cir. 2011).

Although the complaint need not set forth detailed factual allegations, the plaintiff

must allege sufficient facts to render the claim "plausible on its face." *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007). Mere

conclusory statements in support of a threadbare recital of the elements of a claim

will not suffice.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949-50 (2009).  We review a district judge's "findings of jurisdictional facts for clear error."  *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1328-29 (11th Cir. 2013) (citation and internal quotation marks omitted) (reviewing a district judge's finding that the plaintiff lacked standing to seek injunctive relief).  "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed."  *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (citation and internal quotation marks omitted).

The elements for a breach-of-contract claim in Georgia are "the (1) breach and the (2) resultant damages (3) to the party who has the right to complain about the contract being broken."  *Norton v. Budget Rent A Car Sys., Inc.*, 705 S.E.2d 305, 306 (Ga. Ct. App. 2010) (citation and internal quotation marks omitted).  Under the Georgia Code, "an action on a contract . . . shall be brought in the name of the party in whom the legal interest in the contract is vested, and against the party who made it in person or by agent."  Ga. Code Ann. § 9-2-20(a).  The Georgia Court of Appeals has explained an assignment of a security deed is a contract between the assignor and the assignee and that the proper party to bring a claim challenging its validity is the other party to the assignment.  *Montgomery v. Bank of Am.*, 740 S.E.2d 434, 438 & n.7 (Ga. Ct. App. 2013) (citing Ga. Code Ann. § 9-2-20(a)).  Therefore, a plaintiff lacks standing to contest the validity of an

7

assignment of a security deed, even if that assignment was somehow flawed, if he was not a party to the assignment. *Id.*

Because Cornelius concedes he was not a party to the PSA, under Georgia law, he lacks standing to contest the validity of the transfer or assignment of the loan documents based on the PSA. Ga. Code. Ann. § 9-2-20(a); *Montgomery*, 740 S.E.2d at 438.[2] Accordingly, the district judge did not clearly err in finding Cornelius lacks standing to assert his breach-of-contract claim. Moreover, because Cornelius failed to set forth sufficient facts to support a breach-of-contract claim, such as damages, the district judge properly dismissed that claim for failure to state a claim under Rule 12(b)(6). *Bell Atl. Corp.*, 550 U.S. at 570, 127 S. Ct. at 1974; *Norton*, 705 S.E.2d at 306.

B. Opportunity to Amend

Cornelius argues the district judge erred by dismissing his complaint with prejudice without first giving him an opportunity to amend. Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district judge dismisses the action with prejudice. *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991) (per curiam), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541,

---

[2] The First Circuit decisions Cornelius cites do not interpret Georgia contract law and do not apply. *See Woods*, 733 F.3d at 353-54 (persuasive authority); *Culhane*, 708 F.3d at 289-91 (same).

542 (11th Cir. 2002) (en banc).  With respect to counseled plaintiffs who failed to request leave to amend, however, we have overruled this holding.  *Wagner*, 314 F.3d at 542 ("A district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court.").  But pro se litigants are held to a less stringent standard, *see Bingham*, 654 F.3d at 1175, and our decision in *Wagner* did not disturb our decision in *Bank* with respect to a pro se litigant's right to amend.  *Wagner*, 314 F.3d at 542 n.1.

While a pro se litigant generally must be given at least one opportunity to amend his complaint, a district judge need not allow an amendment where amendment would be futile.  *See Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (per curiam).  "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant."  *Id.*

The district judge was not required to sua sponte grant Cornelius an opportunity to amend his complaint before dismissing it with prejudice.  As the district judge correctly noted, the subject complaint was Cornelius's second attempt to make a legally cognizable claim arising from an alleged attempted foreclosure on real property.  Because Cornelius already had been given an opportunity to correct his pleadings, the judge was not required to give him another

9

chance.  *See Wagner*, 314 F.3d at 542 n.1; *Bank*, 928 F.2d at 1112.  Even if the judge was required to give Cornelius an opportunity to amend, any amendment would be futile.  *Cockrell*, 510 F.3d at 1310.  There is no indication that, given a third bite at the apple, Cornelius would correct the numerous deficiencies in his complaint.

C. Dismissal of Claims Against EMC Mortgage

Cornelius argues the district judge erred by dismissing with prejudice his claims against EMC Mortgage.  He contends the dismissal with prejudice was the ultimate civil sanction and one he did not deserve, because he did not engage in misconduct or commit fraud upon the court.

EMC Mortgage was not a party to the underlying complaint; Cornelius had sued EMC Mortgage in his prior federal action.  Cornelius did not appeal that dismissal.  Accordingly, we lack jurisdiction to consider this claim.  *Castleberry v. Goldome Credit Corp.*, 408 F.3d 773, 779 (11th Cir. 2005) ("An appellate court lacks jurisdiction over an appeal if a party to an otherwise appealable district court order fails to file notice of appeal within the time limits prescribed by [Federal Rule of Appellate Procedure] 4(a).").

**AFFIRMED.**