[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-13650
Non-Argument Calendar
_____

D.C. Docket No. 2:17-cv-00115-RWS

LEANNE ROBINSON,
GEOFFERY ROBINSON,

                                                      Plaintiffs-Appellants,

versus

SUNTRUST MORTGAGE, INC.,

                                                      Defendant,

SUNTRUST BANK,

                                                      Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(August 21, 2019)

Before WILLIAM PRYOR, GRANT and BLACK, Circuit Judges.

PER CURIAM:

Leanne and Geoffery Robinson appeal the district court's order granting SunTrust Mortgage, Inc.'s motion to dismiss their amended complaint alleging wrongful foreclosure and related claims. The Robinsons argue that the district court erred in dismissing their complaint, under Fed. R. Civ. P. 12(b)(6), for failure to state claim upon which relief could be granted. After review, we affirm.

## I. BACKGROUND

In April 2005, Leanne and Geoffery Robinson, a married couple, purchased a residential property located at 8155 Legends View Court in Cumming, Georgia (the Property). They financed the purchase of the Property with two loans from SunTrust, both secured by the Property. Specifically, in connection with the first loan, the Robinsons gave SunTrust an Adjustable Rate Note (the Note), in the face amount of $476,800.00. They also conveyed SunTrust a Security Deed with an Adjustable Rate Rider, a Planned Unit Development Rider, and an Acknowledgment and Waiver of Borrower Rights (the Security Deed).

The Adjustable Rate Rider authorized SunTrust to change the interest rate and monthly payment amount on the anniversary date of the loan for the first ten years; after ten years, the rate was fixed. Both the Note and the Adjustable Rate Rider in the Security Deed provided for written notice to the Robinsons prior to

2

any change in the interest rate: "The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change." According to the Robinsons, SunTrust failed to provide such notice in 2012, 2013, 2014, and 2015. They further claimed that, because SunTrust "did not give them the necessary information," they "could not determine if they were being charged the appropriate amount for monthly payments."

As of March 2009, the Robinsons were in arrears on their mortgage, meaning they were behind on at least the first loan. As a result, they applied for a loan modification, and SunTrust instructed them to apply for loss mitigation, for which SunTrust led them to believe they were eligible. However, in April 2009, SunTrust informed them they did not qualify for a loan modification. According to the Robinsons, SunTrust did not provide a written explanation indicating they had been "considered for all loss mitigation options." They further alleged SunTrust subsequently "contradicted its April 2009 statements, and declared [the Robinsons] were eligible for an affordable repayment plan in 2009, but [they] were already in an alternative plan."[1] The Robinsons claimed the contradictory statements were "a

---

[1] The Robinsons do not specify in the amended complaint how SunTrust "contradicted its April 2009 statements." However, in the initial complaint, they specified these contradictions were in an April 2017 letter. According to a copy of that letter attached to SunTrust's motion to dismiss the Amended Complaint, SunTrust stated that it had reviewed the "first mortgage" for loss mitigation assistance in May 2009. Although the account was otherwise "eligible for a

3

deliberate misrepresentation of what occurred in 2009," as they had not been offered an affordable repayment plan or any other changes to the loan.

Approximately seven years later, in March 2016, the Robinsons again inquired about a loss mitigation plan, as they were late on the mortgage and were facing foreclosure, which SunTrust had scheduled for April 5, 2016.  They alleged SunTrust's representatives, in response to their inquiry, led them to believe they were eligible for a modification, which would allow them to keep the Property and avoid foreclosure.  The Robinsons then completed a modification application in which they specifically requested a loan modification due to financial hardship arising from a work injury.  However, SunTrust denied the application as untimely, noting the Robinsons had submitted it less than two weeks before the foreclosure date.  Again, they did not receive a written statement from SunTrust that they had been considered for all loss mitigation options.

The Robinsons claim SunTrust subsequently sent "additional solicitations to apply for loan modifications," but they did not apply because they "were convinced that any new application would not be fairly considered."  On March 7, 2017, SunTrust finally sold the property at foreclosure sale.  The Robinsons never received a certified letter notice of the sale, possibly because their ZIP code had

Repayment Plan," SunTrust determined the loan was already in a repayment plan as part of an ongoing bankruptcy proceeding.

4

changed, though they claim to have "informed [SunTrust] several times of the ZIP code change" prior to the foreclosure.

In June 2017, the Robinsons filed the instant action in the district court, in which they asserted eleven causes of action against SunTrust:

(1)  wrongful foreclosure;

(2)  fraudulent and/or negligent misrepresentation;

(3)  breach of contract;

(4)  breach of the duty of good faith and fair dealing;

(5)  intentional infliction of emotional distress;

(6)  promissory estoppel;

(7)  violations of the Real Estate Settlement Practices Act (RESPA);

(8)  attorney's fees and costs under O.C.G.A. § 13-6-11;

(9)  punitive damages;

(10) violation of the Truth in Lending Act (TILA); and

(11) a request for a preliminary injunction.

SunTrust subsequently moved, pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the amended complaint for failure to state a claim.  A magistrate judge prepared a report and recommendation (R&R), recommending the district court grant SunTrust's motion on all counts.  Over the Robinsons' objections, the district

court adopted the R&R, granted the motion to dismiss, and entered judgment in favor of SunTrust.  The instant appeal followed.[2]

## II.  DISCUSSION

We review *de novo* the district court's dismissal for failure to state a claim upon which relief can be granted, "accepting as true the factual allegations in the complaint and construing them in the light most favorable to the plaintiff."  *Stevens v. Osuna*, 877 F.3d 1293, 1301 (11th Cir. 2017).  However, those factual allegations must "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  While a complaint need not provide "detailed factual allegations," it must provide factual allegations sufficient to set forth the plaintiff's entitlement to relief.  *Id.* at 555.  Providing only "labels and conclusions" is insufficient, "and a formulaic recitation of the elements of a cause of action will not do."  *Id.*

### A.  *Wrongful Foreclosure*

Under Georgia law, a plaintiff seeking damages for wrongful foreclosure must establish: (1) a legal duty owed to her by the foreclosing party; (2) a breach

---

[2] The Robinsons' initial brief substantively addresses only the first six causes of action alleged in the Amended Complaint.  Thus, they have abandoned any argument concerning violations of the RESPA or TILA.  *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014).  They briefly note that, because the six substantive claims they identify are meritorious, it was also error for the district court to dismiss their derivative claims for attorney's fees, punitive damages, and injunctive relief.  However, because the amended complaint failed to state a claim as to any of the six substantive claims argued on appeal, we need not address the viability of these derivative claims.

of that duty; (3) a causal connection between the breach of that duty and the injury she sustained; and (4) damages. *See Haynes v. McCalla Raymer, LLC*, 793 F.3d 1246, 1253 (11th Cir. 2015) (citing *Heritage Creek Dev. Corp. v. Colonial Bank*, 601 S.E.2d 842, 844 (Ga. Ct. App. 2004)).

Here, the Robinsons alleged SunTrust breached a legal duty when it failed to properly deliver to them the notice of foreclosure. Under Georgia law, a secured creditor is required to provide "[n]otice of the initiation of proceedings to exercise a power of sale in a mortgage, security deed, or other lien contract." O.C.G.A. § 44-14-162.2(a). "Such notice . . . shall be sent by registered or certified mail or statutory overnight delivery, return receipt requested, to the property address or to such other address as the debtor may designate by written notice to the secured creditor." *Id.* The Robinsons alleged they never received the requisite notice, and they speculate this was because the notice or notices were addressed to an outdated ZIP code.

Even assuming SunTrust breached the legal duty the Robinsons identified, the district court correctly noted the amended complaint failed to allege any causal connection between that alleged breach and the injury sustained: foreclosure on the Property. *See Haynes*, 793 F.3d at 1253. The Robinsons contend that, in concluding they had failed to allege causation, the district court improperly "consider[ed] what if scenarios that are contrary to [their] pleadings," noting they

"were not required to allege what would have happened if they had received statutory notice." In support, they cite Georgia caselaw in which the Georgia Court of Appeals found similarly situated plaintiffs—that is, plaintiffs who were undisputedly behind on their mortgage payments—had put forth sufficient allegations to state a claim for wrongful foreclosure.

However, the Georgia courts in those cases were applying pleading standards under Georgia law, rather than the more rigorous federal pleading standard. Georgia's pleading standard, for example, specifically does not require a plaintiff to "set forth all elements of a cause of action in order to state a claim," and the party seeking dismissal must establish that "the [plaintiff] would not be entitled to relief under any state of provable facts." *Stewart v. SunTrust Mortg.*, 770 S.E.2d 892, 895 (Ga. Ct. App. 2015) (quotation omitted). In contrast, under federal pleading standards, the Robinsons were required to provide factual allegations sufficient to set forth their entitlement to relief. *See Twombly*, 550 U.S. at 555. Absent factual allegations suggesting a causal connection between SunTrust's alleged breach and the alleged injury, the Robinsons failed to meet the requisite pleading standard. In fact, the amended complaint does not even include a

"formulaic recitation" of the element of causation, which itself would be insufficient under *Twombly*.[3] *Id.*

## B. Fraudulent and/or Negligent Misrepresentation

Under Georgia law, in order to establish a claim for fraudulent or negligent misrepresentation, "a plaintiff must show five elements: (1) that false representations were made; (2) that the defendant knew they were false; (3) that the representations were made either intentionally or negligently; (4) that the plaintiff reasonably relied upon the representations; and (5) that harm proximately resulted from that reliance." *Optimum Techs., Inc. v. Henkel Consumer Adhesives, Inc.*, 496 F.3d 1231, 1250 (11th Cir. 2007).

Here, the Robinsons alleged SunTrust twice misrepresented they were "eligible for loss mitigation options that would allow them to retain their home and stop any foreclosure," once in March 2009, and again in March 2016. They further alleged SunTrust misrepresented that their 2016 application for loss mitigation had

---

[3] Throughout their opening brief, the Robinsons cite consistently to two decisions from the Georgia Court of Appeals—*Stewart* and *Mbigi v. Wells Fargo Home Mortg.*, 785 S.E.2d 8 (Ga. Ct. App. 2016)—in which that court held similarly pled complaints adequately stated claims for, *inter alia*, wrongful foreclosure, negligent misrepresentation, breach of contract, intentional infliction of emotional distress, and promissory estoppel. The latter case is non-precedential in any event. *See Mbigi*, 785 S.E.2d at 21 (Dillard, J., concurring in judgment only). And, as we note above, the court in those cases did not apply the more rigorous pleading standards applicable in federal courts, and, therefore, even assuming the cases are not factually distinguishable from the case before us—as the district court concluded they were—they offer limited guidance in our assessment of whether the Robinsons' complaint should have survived a motion to dismiss in federal court.

been denied because they had not timely submitted it.  The Robinsons alleged that, as a result of SunTrust's misrepresentations concerning their eligibility for loss mitigation, they "refrained from taking other actions to preserve their property." This conclusory allegation was insufficient to plausibly suggest the Robinsons relied on SunTrust's supposed misrepresentations to their detriment, as it constitutes the sort of "formulaic recitation of the elements" that cannot support a plausible claim for relief.  *See Twombly*, 550 U.S. at 555.

*C.  Breach of Contract*

The Robinsons further alleged SunTrust breached its "contractual relationship" with them when it failed to: (1) provide pre-foreclosure notice as required by the Security Deed; (2) "provide truthful information"; and (3) provide notice regarding changes to the interest rate or monthly payment amount.[4]

Under Georgia law, once a plaintiff has established the existence of an enforceable contract, she may only recover damages for breach by demonstrating breach and resultant damages.  *See Bates v. JPMorgan Chase Bank, N.A.*, 768 F.3d 1126, 1130 (11th Cir. 2014) ("The elements for a breach of contract claim in Georgia are the (1) breach and the (2) resultant damages (3) to the party who has

---

[4] In their opening brief, the Robinsons limit their argument to the first two alleged breaches.  Accordingly, they have abandoned any argument that the district court erred in dismissing their breach of contract claim based on SunTrust's failure to provide notice of changes in the interest rate or monthly payment amount.  *See Sapuppo*, 739 F.3d at 680.

10

the right to complain about the contract being broken." (internal quotation marks omitted) (quoting *Norton v. Budget Rent A Car Sys., Inc.*, 705 S.E.2d 305, 306 (Ga. Ct. App. 2010))).

With regard to the Robinsons' claim that SunTrust failed to provide adequate pre-foreclosure notice in compliance with the Security Deed, the district court correctly concluded they failed to allege facts that could plausibly support a causal connection between the lack of notice and any resultant injury. *See Bates*, 768 F.3d at 1132-33 (noting a plaintiff alleging a breach of contract claim in the context of a mortgage "must show that the premature or improper exercise of some power under the deed (acceleration or sale) resulted in damages that would not have occurred but for the breach"). As with the Robinsons' wrongful-foreclosure claim, the amended complaint is devoid of any factual allegations that could plausibly suggest the alleged breach was the but-for cause of any alleged injury, in no small part because the amended complaint and attached documents indicate the Robinsons were in default on the loan, and there was no suggestion they could have cured that default if given the opportunity.

As to the Robinsons' claim that SunTrust breached a contract by failing to "provide truthful information," this vague and conclusory allegation was insufficient to give rise to a valid claim. The amended complaint does not point to

any specific provision in any contract that imposed such a duty, and no such provision is readily identifiable in any of the attached documents.

### D. Breach of Duty of Good Faith and Fair Dealing

Under Georgia law, the duty of good faith and fair dealing "cannot be breached apart from the contract provisions it modifies and therefore cannot provide an independent basis for liability." *Miller v. Chase Home Finance, LLC*, 677 F.3d 1113, 1117 (11th Cir. 2012) (internal quotation marks omitted) (quoting *OnBrand Media v. Codex Consulting*, 687 S.E.2d 168, 174 (Ga. Ct. App. 2009)). Because the amended complaint failed to state a claim for breach of contract, we find no error in the court's subsequent dismissal of this claim.

### E.  Intentional Infliction of Emotional Distress

The Robinsons also alleged SunTrust engaged in conduct so outrageous and egregious that it gave rise to a claim for intentional infliction of emotional distress (IIED).  Specifically, they alleged SunTrust engaged in outrageous conduct by: (1) giving false reasons for declining to approve their applications for loan modifications; and (2) failing to provide proper notice of changes in interest rates and monthly payment amounts.

"'[A]n intentional wrongful foreclosure can be the basis for an action for [IIED]' under certain circumstances." *McGinnis v. Am. Home Mortg. Servicing, Inc.*, 817 F.3d 1241, 1258 (11th Cir. 2016) (quoting *Blue View Corp. v. Bell*, 679

12

S.E.2d 739, 742 (Ga. Ct. App. 2009)).  However, "the conduct at issue must 'go beyond all reasonable bounds of decency so as to be regarded as atrocious and utterly intolerable in a civilized community' and '*naturally* give rise to such intense feelings of humiliation, embarrassment, fright or extreme outrage as to cause severe emotional distress.'"  *Id.* (quoting *United Parcel Serv. v. Moore*, 519 S.E.2d 15, 17 (Ga. Ct. App. 1999)).

The allegations here simply do not rise to the requisite level.  *See Moore*, 519 S.E.2d at 17 ("Sharp or sloppy business practices, even if in breach of contract, are not generally considered as going beyond all reasonable bounds of decency as to be utterly intolerable in a civilized community.").  Moreover, as discussed above, the amended complaint failed to state a plausible claim for either wrongful foreclosure or breach of contract, which necessarily undermines the Robinsons' claim for IIED based on the same underlying conduct.  *See McGinnis*, 817 F.3d at 1258 (noting that even a definitive finding of wrongful foreclosure "does not, of itself, mean that the misconduct at issue" can support a claim for IIED).

### F.  Promissory Estoppel

Finally, the Robinsons asserted a claim for promissory estoppel based on SunTrust's alleged promises that: (1) the Property "could be retained if [the Robinsons] applied for loss mitigation" and that any application for loss mitigation

13

would be "fairly considered"; and (2) the Robinsons would receive advance notice of annual changes to monthly payment amounts.[5]

To prevail on a promissory estoppel claim, a plaintiff must prove that (1) the defendant made certain promises, (2) the defendant should have expected that the plaintiff would rely on such promises, and (3) the plaintiff did in fact rely on such promises to her detriment. *Doll v. Grand Union Co.*, 925 F.2d 1363, 1371 (11th Cir. 1991).

Here, the alleged statements concerning the loan modification are too vague and indefinite to support a claim for promissory estoppel. *See Ga. Invs. Int'l, Inc. v. Branch Banking and Trust Co.*, 700 S.E.2d 662, 664 (Ga. Ct. App. 2010) ("Promissory estoppel does not . . . apply to vague or indefinite promises, or promises of uncertain duration.").

Moreover, the amended complaint fails to plausibly allege the Robinsons detrimentally relied on any of SunTrust's promises. Only "[d]etrimental reliance which causes a substantial change in position will constitute sufficient consideration to support promissory estoppel." *Clark v. Byrd*, 564 S.E.2d 742, 745 (Ga. Ct. App. 2002). Here, there are no allegations suggesting the Robinsons

---

[5] The Robinsons make no argument on appeal concerning the second of these alleged promises, which the district court rejected on the ground the promise at issue was covered by a written contract. Accordingly, that portion of the claim is abandoned. *See Sapuppo*, 739 F.3d at 680.

14

"change[d] their position" at all in response to SunTrust's promises.  The alleged promises concerning the loan modification were made in response to the Robinsons' 2009 and 2016 requests for such a modification due to financial hardship.  But there is no indication in the complaint or the attached documents that the Robinsons stopped or reduced their mortgage payments in reliance on any promise that they would receive the requested modification.  *See Mbigi*, 785 S.E.2d at 20 (applying Georgia's pleading standard and concluding a plaintiff had sufficiently alleged detrimental reliance because the plaintiff had complied with the lender's alleged directive "to cease making mortgage payments until the loan was modified," which resulted in foreclosure).

## III.  CONCLUSION

Based on the foregoing, and having independently reviewed the allegations in the amended complaint under *de novo* review, we affirm the district court's dismissal of the amended complaint for failure to state a claim.

**AFFIRMED.**

15