[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-13949

Non-Argument Calendar

_____

NATHAN SLUSS,

Plaintiff-Appellant,

*versus*

BANK OF AMERICA, N.A.,
successor by merger with
BAC Home Loans Servicing, L.P.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

D.C. Docket No. 1:22-cv-04739-SCJ

_____

Before GRANT, KIDD, and MARCUS, Circuit Judges.

PER CURIAM:

Nathan Sluss, proceeding *pro se*, appeals the district court's order dismissing for failure to state a claim his second amended complaint, alleging state law breach of contract and torts claims surrounding Bank of America, N.A. ("BANA")'s foreclosure sale of his property. He argues that the district court erred in dismissing his breach of contract claim for numerous reasons, including many incorrect factual findings. After thorough review, we affirm.

I

The relevant background -- taken from the pleadings and their attachments -- is this. In October 2006, Sluss entered into a mortgage with American Brokers Conduit for real property in Atlanta, Georgia; BANA later bought the mortgage and it became Sluss's servicing agent. Relevant here, Paragraph 6(C) of the note associated with the mortgage contains the following provision about notice of default:

> If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least

30 days after the date on which the notice is mailed to me or delivered by other means.

On March 9, 2022, BANA sent a letter to Sluss, informing him that his loan was in foreclosure and that the letter was responding to his request for information concerning the reinstatement of his loan. The letter then provided that the reinstatement amount for his loan was $16,906.89, "good through" March 17, 2022. The letter advised that if Sluss wished to pay the reinstatement amount after that date, he should call BANA to request an up-to-date payoff quote. On April 4, 2022, Sluss mailed a certified check dated March 30, 2022 for $16,906.89 to the address provided in the letter. Sluss attempted to make mortgage payments seven more times, through October 2022, but all of his payments were returned, with a note explaining that the "[f]unds are less than total amount due."

Four months after the March 2022 letter, a law firm representing BANA sent Sluss a letter dated July 26, 2022, which provided "formal notice" that BANA had elected to accelerate the maturity of Sluss's debt, which totaled $96,641.79 through August 6, 2022, and that Sluss had the right to reinstate the loan and thereby cure his default. It did not give him a date certain to pay the accelerated amount, though it recognized that if he paid after August 6, 2022, the amount may be higher and the bank would notify him of the adjusted amount. The July 2022 letter referenced a "separate communication (the 'Initial Communication Letter')" that had advised Sluss of his borrower's rights, which needed to be exercised within 30 days of his receipt of the "Initial Communication Letter"

-- that letter was not attached to the complaint.  The July 2022 letter added that a foreclosure sale on the property was scheduled for September 6, 2022, more than 30 days later.  The foreclosure did not take place.

In October 2022, Sluss sued BANA to prevent the foreclosure of his home, claiming that he was not properly noticed that his debt would be accelerated.  Among other things, he claimed that the July 2022 letter breached the terms of his note because it did not give him 30 days to cure his default.  After Sluss amended the complaint twice, BANA moved to dismiss for failure to state a claim. The magistrate judge issued a report and recommendation ("R&R") that recommended granting BANA's motion to dismiss; the district court adopted the R&R and dismissed the complaint.

As for the breach of contract claim at issue on appeal, the district court explained that Sluss had failed to state a plausible claim because his own admissions and documents showed that he was notified multiple times of missed payments, given a reinstatement calculation for which he missed the deadline, and then given months to cure his default before a foreclosure sale.  The court added that Sluss's stated objection was that BANA attempted to foreclose before it had the right to do so, but, notably, the provision at issue -- Paragraph 6(C) -- pertained to when the noteholder could accelerate the overdue amount, not when the foreclosure proceedings could be initiated.

This timely appeal follows.

II

We review *de novo* a district court's order granting a motion to dismiss for failure to state a claim. *EEOC v. STME, LLC*, 938 F.3d 1305, 1313 (11th Cir. 2019). We hold *pro se* pleadings to a less stringent standard than pleadings drafted by attorneys and construe them liberally. *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014). However, a court may not "serve as *de facto* counsel for a party, or . . . rewrite an otherwise deficient pleading in order to sustain an action." *Id.* at 1168–69 (quotations omitted). Further, issues not briefed on appeal are deemed abandoned. *Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004). Likewise, we generally will not consider arguments in a civil case that are raised for the first time on appeal or in a reply brief. *Id.* at 1331; *Lovett v. Ray*, 327 F.3d 1181, 1183 (11th Cir. 2003).

To overcome a Rule 12(b)(6) motion to dismiss, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The complaint must include factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). To survive a Rule 12(b)(6) motion, a complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim is facially plausible when the plaintiff pleads sufficient facts to allow the court to draw the reasonable inference

that the defendant is liable for the alleged misconduct." *STME, LLC*, 938 F.3d at 1313 (quotations omitted). Plausible facts "raise a reasonable expectation that discovery could supply additional proof of [the defendant]'s liability." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (quotations omitted). The court must "take the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff[]." *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010).

"When assessing the sufficiency of a complaint on a motion to dismiss, a district court has some discretion to decide whether to consider matters outside of the pleadings." *Jackson v. City of Atlanta, Georgia*, 97 F.4th 1343, 1350 (11th Cir. 2024) (quotations omitted). "Extrinsic material that is referred to in the operative complaint and attached to a motion to dismiss may be considered by the court at the pleading stage if the attached material (1) [is] central to the plaintiff's claim and (2) the authenticity of the document is not challenged." *Id.* (quotations omitted).

"The elements for a breach of contract claim in Georgia are the (1) breach and the (2) resultant damages (3) to the party who has the right to complain about the contract being broken." *McAlister v. Clifton*, 313 Ga. 737, 742 (2022) (quoting *Norton v. Budget Rent A Car Sys., Inc.*, 307 Ga. App. 501, 502 (2010)).

## III

Here, the district court did not err in dismissing the breach of contract claim in Sluss's second amended complaint for failure

23-13949              Opinion of the Court                    7

to state a claim under Fed. R. Civ. P. 12(b)(6).[1]  Sluss's main claim on appeal is that BANA failed to give him 30 days to reinstate the loan, in violation of Paragraph 6(C) of the note.  However, based on the plain language of the exhibits attached to the complaint,[2] BANA did not breach the contract by violating Paragraph 6(C).  For one thing, Paragraph 6(C) discusses *acceleration* and *not foreclosure* -- specifically, it says that after a default, BANA must give Sluss 30 days' notice to pay "the overdue amount," which includes "the full amount of Principal which has not been paid and all the interest" owed.  Further, the court properly found that BANA complied with Paragraph 6(C) because *two months* after his late payment was not accepted, BANA notified him that it was accelerating the maturity of the debt and that the property would be sold at foreclosure more than 30 days later if he failed to pay the accelerated amount.

---

[1] Sluss has abandoned several issues on appeal so we will not address them on the merits.  These include: (1) his tort claims because the only reference he makes to them on appeal is the conclusory statement that the court's error in dismissing his breach of contract claim negatively affected his other claims; (2) his claims about dismissal under Rules 8(a) and 10(b), since he raises them for the first time on appeal, and in any event, the court dismissed his complaint under Rule 12(b)(6), not Rules 8(a) or 10(b); and (3) to the extent his breach of contract claim relies on Paragraph 3(B) of the note (as opposed to Paragraph 6(C)), he did not discuss Paragraph 3(B) until his reply brief, so we will not consider that argument either.  *See Access Now, Inc.*, 385 F.3d at 1330–31; *Lovett*, 327 F.3d at 1183.

[2] The district court properly considered Sluss's exhibits, since they were referred to in his operative complaint, were central to his claim, and were not challenged as to their authenticity. *Jackson*, 97 F.4th at 1350.

As for his claim that the March 9 letter gave him only eight days to cure his default, allegedly in violation of Paragraph 6(C), Sluss misconstrues that letter, as he did in district court. Instead, the March 9 letter provided a reinstatement number -- which Sluss apparently had requested from BANA -- calculated to March 17, with the option for him to call for an updated reinstatement number after March 17. Significantly, there was no indication in the March 9 letter that BANA would accelerate the debt on March 17. Instead, BANA waited more than four months after that letter to accelerate the debt, well past the 30 days required in Paragraph 6(C).

In short, the district court properly determined that Sluss failed to state a plausible breach of contract claim because his own admissions and documents showed that he was notified multiple times of missed payments, given a reinstatement calculation for which he missed the deadline, and then given months to cure his default before a foreclosure sale. Accordingly, because his allegations were conclusory, and his complaint and exhibits did not contain facts sufficient to state a plausible claim for relief, Sluss failed to state a breach of contract claim based on the note between him and BANA. *See Ashcroft*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570; *McAlister*, 313 Ga. at 742.

**AFFIRMED.**